1
2
3
4
5
6
7
8
9
10
11                    **UNITED STATES DISTRICT COURT**

12                    **WESTERN DISTRICT OF WASHINGTON**

|  |  |
|---|---|
| NATHEN BARTON,<br>Plaintiff<br><br>v.<br><br>Bright Solar Marketing LLC, Freedom Solar Services, High Roller Marketing LLC, Defendants. | Case No.: 3:25-cv-05310-DGE<br><br>SECOND AMENDED COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE RELIEF<br><br>FILED BY ORDER OF THE COURT<br><br>Jury Trial: ☒ Yes  ☐ No |

13                          **1.  INTRODUCTION**

14   2.   There are telemarketers in America whose long-term business model is placing lots and

15        lots of unsolicited calls and robocalls.

16   3.   Companies who sell a particular widget are looking for customers interested in such

17        widgets, and telemarketers are eager to introduce widget makers with possibly interested

18        customers.

19   4.   And some telemarketers call all the phone numbers they can, playing pre-recorded or

20        artificially generated speech about widgets.

21   5.   The telemarketer does this to build up pool of valid phone numbers, noting key

22        demographics of the people behind the phone numbers like age, gender, interests, or

23        location.  When the telemarketer strikes a deal with a specific widget maker to find

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 1 / 38          NATHEN BARTON
                                                          4618 NW 11TH CIR
                                                          CAMAS WA 98607

1   potential customers, the telemarketer goes to their calling pool and calls the people that fit

2   the widget maker's specified customer profile.

3   6.     And calls them again and again . . .

4   7.     When the telemarketer finds a consumer they can sell to a widget maker, they call that

5   person a "Lead".

6   8.     The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is

7   happy to have someone to pitch their widgets to, and everyone in the loop is a winner.

8   9.     Except for people like Senator Hollings and Plaintiff who don't want the phone calls.  In

9   our experience:

10  10.    "[c]omputerized calls are the scourge of modern civilization. They wake us up in the

11  morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they

12  hound us until we want to rip the telephone right out of the wall."

13  11.    47 CFR § 64.1200(f)(10) defines "Seller" as

14  12.    "The term seller means the person or entity on whose behalf a telephone call or message is

15  initiated for the purpose of encouraging the purchase or rental of, or investment in,

16  property, goods, or services, which is transmitted to any person.

17  13.    47 CFR § 64.1200(f)(12) defines "Telemarketer" as

18  14.    "The term telemarketer means the person or entity that initiates a telephone call or message

19  for the purpose of encouraging the purchase or rental of, or investment in, property, goods,

20  or services, which is transmitted to any person."

21  15.    This is what happened here.

22  16.    Freedom Forever LLC ("Freedom Forever") sells solar panels, installation services, and

23  related hardware and services.

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 2 / 38                    NATHEN BARTON
                                                                  4618 NW 11TH CIR
                                                                  CAMAS WA 98607

17. According to Freedom Forever's website *https://freedomforever.com/about/newsroom/* in 2024 they were ranked the #1 residential solar contractor.

18. Freedom Forever has done this with a lot of marketing, and a god-awful lot of unwanted telephone solicitation.

19. While Freedom Forever does the actual solar installs and services, Freedom Forever set up two wholly owned subsidiaries to do the phone calls: Bright Solar Marketing LLC ("BSM LLC), and Freedom Solar Services ("FSS").

20. And FSS owns High Roller Marketing LLC ("HRM") and uses HRM in part to buy Leads from third parties they hope will become customers for Freedom Forever.

21. BSM LLC and FSS owns and operate call centers to telephone solicit Leads, and they put HRM in charge of managing the dialer and removing Leads whose telephone number was registered on the national do not call registry ("DNC").

22. BSM LLC, FSS, and HRM work together with a common purpose – to initiate sales calls to consumers to sell them the goods and services of their corporate owner Freedom Forever.

23. Because of this, the four of them have been sued at least 10 times in the last three years for unwanted phone solicitation calls.

| Case Title | Case # | Filed |
|---|---|---|
| Barack v. Freedom Forever, LLC et al | 4:2023cv00864 | 8/18/2023 |
| Floyd Steve Bales et al v. Freedom Forever, LLC | 5:2023cv01899 | 9/18/2023 |
| Callier v. Freedom Forever Texas, LLC | 3:2023cv00364 | 9/28/2023 |
| Doane v. Freedom Forever California LLC | 1:2023cv13192 | 12/22/2023 |
| Ortega v. Doe | 5:2024cv00662 | 6/10/2024 |
| Shelton v. Freedom Forever LLC | 2:2024cv04333 | 8/20/2024 |
| Jon Anthony Clark v. Freedom Forever LLC | 5:2024cv01903 | 9/6/2024 |
| Doughty v. Bright Solar Marketing, LLC et al | 1:2024cv01190 | 10/4/2024 |
| James E. Shelton v. Freedom Forever LLC | 2:2025cv01970 | 3/6/2025 |
| Ewing v. Freedom Forever, LLC | 3:2025cv00530 | 3/7/2025 |

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

24. Bright Solar Marketing LLC is a Telemarketer.

25. High Roller Marketing LLC is a Telemarketer.

26. Freedom Solar Services is a Telemarketer.

27. Freedom Forever LLC is a Seller.

28. Given HRM's role in the operation and events learned from the numerous other lawsuits against these parties, it is likely HRM obtained Mr. Barton's phone number from a third party and HRM entered Mr. Barton's phone into Lead Locker Room, a tool used by BSM LLC, FSS, and HRM to identify and call consumers to pitch Freedom Forever's solar panel goods and services.

29. BSM LLC and FSS jointly own and operate call centers physically initiating calls intended to generate business for Freedom Forever.

30. BSM LLC and FSS can't seem to agree on which of them or if both of them own and / or operate their joint venture call centers (see a summary of testimony given by four witnesses later in this lawsuit), so in this lawsuit the specific actions of their joint venture call centers are attributed to "BSM".

31. Together BSM LLC, FSS, and HRM developed what calling scripts to use for the automated messages played to consumers when their telephone sales calls were answered, and what script to give their live agents to read from if and when a consumer stayed on the line.

32. BSM LLC, FSS, and HRM knew a high percentage of the consumers they were calling did not consent and did not want their phone calls, so together they agreed on what fake business names to give to consumers and what fake telephone caller ID to transmit to consumers in an effort to prevent telemarketing lawsuits.

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 4 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

33. BSM LLC and FSS gave HRM the task of scrubbing the calling lists of phone numbers on the DNC list and managing the dialer physically initiating the calls.

34. Once Mr. Barton's phone number entered into BSM's calling list, BSM with HRM managing the dialer started calling Mr. Barton.

35. Even though Mr. Barton's phone number was on the DNC list, HRM did not scrub it.

36. HRM knew, and the BSM LLC and FSS knew or should have known, they could not rely on "consent" of their lead generation services because their lead generation services were rife with fraudulent "consents" also known as an opt in.

37. BSM LLC and FSS knew this from the many consumers who told their phone agents to stop calling them.

38. Instead, they placed a long series of robocalls to Mr. Barton, adding and maintaining his phone number in a pool of phone numbers until such time as they could sell Mr. Barton and people like him solar services

**Bright Solar Marketing LLC, Freedom Solar Services, and HRM are all connected to Freedom Forever LLC**

39. According to Dkt. 2 of this lawsuit, Bright Solar Marketing LLC is a subsidiary of Freedom Forever LLC.

40. When FSS files its corporate disclosure we will learn that it too is a subsidiary of Freedom Forever LLC.

41. The website *brightsolarmarketing.com* lists the address 27368 Via Industria, STE. 11 Temecula, CA 92590.

42. LoopNet (a large commercial real estate vendor) proudly has a picture of a building with large Freedom Forever signage on that address's web page.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1





2    43.

3    44.    The building at that address has a large Freedom Forever sign on the outside.

4    45.    This represents Freedom Forever LLC.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

46. HRM's website *highrollermarketing.com* says they offer digital marketing services to the residential solar industry.

47. HRM's logo is



48.

49. This logo is registered to High Roller Marketing LLC with address 43445 Business Park Drive #104, Temecula CA 92590.

50. The attorney of record has a *legal@freedomforever.com* email address.

51. The California Secretary of State also has the 43445 Business Park Drive #104 address for High Roller Marketing.

52. Discussed later in the Complaint, HRM is a subsidiary of Freedom Solar Services.

53. BSM, HRM, and FSS work exclusively for Freedom Forever LLC.

## I.    BASIS FOR JURISDICTION

54. Plaintiff Nathen Barton is a natural person and resident of Clark County, Washington. Nearly all the acts alleged in this complaint occurred in Clark County, Washington State, during the last four years.

55. Jurisdiction in this court is correct because of where Plaintiff resides, and his residence is a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands of the defendants.

56. Defendants directed telephone calls to Plaintiff's phone in this district and Mr. Barton told the defendants' phone agents repeatedly he lived in Washington State, in Camas Washington, or in zip code 98607.

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 7 / 38

57. Thus, for many of the calls, each defendant knew or should have known they were calling a consumer located in Clark County of Washington State.

58. In some calls the caller told Mr. Barton they knew they were reaching into Clark County with their telephone calls.

59. All the specifically identified telemarketing phone calls alleged in this complaint were made to a phone number assigned to Plaintiff in exchange for a monthly service fee.

60. Washington State has long held that a party availing themselves of the privilege of conducting activities inside of Washington State is subject to the jurisdiction of Washington State.  See *Cofinco of Seattle, Ltd. v. Weiss*.[1]

61. The defendants need not physically visit Washington.

62. The internet and the telephone allow anyone in one state to do business in all others.  In a case decided before "internet" was a word, our Washington Supreme Court recognized that jurisdiction may be established by "affirmative acts taking place here by which the out-of-state resident overtly submits to jurisdiction".

63. *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.*[2] quoting *Quigley v. Spano Crane Sales & Serv., Inc.*[3]

64. The defendants initiated or incentivized others to initiate phone call solicitations to Plaintiff and other residents of Washington State, and they a significant fraction of the phone calls would be to Washington State residents, establishing jurisdiction here.  *Nixon v. Cohn*.[4]

---

[1] *Cofinco of Seattle v. Weiss*, 25 Wn. App. 195, (Wash. Ct. App. 1980)
[2] *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.*, 71 Wn. 2d 679, 684 (Wash. 1967)
[3] *Quigley v. Spano Crane Sales Serv*, 70 Wn. 2d 198, 203 (Wash. 1967)
[4] *Nixon v. Cohn*, 62 Wn. 2d 987, 995 (Wash. 1963)

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 8 / 38

## II.    THE PARTIES TO THE LITIGATION

65.  Plaintiff Nathen Barton resides at 4618 NW 11th Cir, Camas WA 98607, inside the bounds of Clark County, Washington State.

66.  Defendant Freedom Solar Services ("FSS") is a California Corporation with principal address 43445 Business Park Drive Suite #104, Temecula CA 92590.

67.  FSS's registered agent is CSC lawyers Incorporating Service, 2710 Gateway Oaks Drive Suite 150N Sacramento, CA 95833

68.  Defendant High Roller Marketing LLC ("HRM") is a Delaware registered corporation with its principal address 43445 Business Park Drive Suite #104, Temecula CA 92590.

69.  HRM's registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.

70.  Defendant Bright Solar Marketing LLC ("BSM LLC") is a Delaware registered company with its principal places of business in Temecula, California and Las Vegas, Nevada.

71.  BSM LLC and FSS can't make up their minds as to who between them is making these solicitation calls where the callers represent themselves as "Bright Solar Marketing".

72.  Therefore, "BSM" in this lawsuit could be FSS, could be BSM LLC, or it could be as they claim in their deposition testimony, the both of them operating together.

73.  According to California's secretary of State, BSM LLC's principal place of business is 6569 Las Vegas Blvd South, Bldg O Ste 200/250, Las Vegas NV 89119.

74.  According to BSM's website, their Temecula address is 27368 Via Industria, STE. 11 Temecula, CA 92590.

75.  BSM LLC's Nevada registered agent is the Corporation Service Company, 112 North Curry Street, Carson City NV 89703.

76.  BSM LLC's Delaware registered agent is the Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.

77.  There may be other unknown entities that are also legally responsible for the illegal phone calls initiated to Mr. Barton's phone number.

### III.    STATEMENT OF CLAIM

78.  Plaintiff was the subscriber of the (469) cell phone number that received calls.

79.  The (469) phone number was registered in Mr. Barton's name and Mr. Barton paid for the subscription fees from his personal account.

80.  Barton used the (469) telephone number that received calls as a residential telephone line.

81.  Barton answered each telephone call specifically listed in the Complaint.

82.  The (469) phone was on a limited-service plan, with each call, text, or data usage subtracting from a fixed amount of each available each month.

83.  Plaintiff registered the (469) phone numbers at issue on the FTC national *do-not-call* registry more than 31 days before all calls at issue in this Complaint.

84.  At no time relevant to this lawsuit did Plaintiff consent in writing to any solar related solicitation calls that contain artificial or pre-recorded speech.

85.  At no time relevant to this lawsuit did Plaintiff consent to any solicitation calls to his (469) number from any defendant in this lawsuit.

86.  Mr. Barton used investigation phone numbers so no defendant had any excuse to telephone solicit his (469) number.

87.  Barton never heard of Freedom Forever, BSM LLC, FSS, or HRM prior to unmasking them.

88.  All times listed are Pacific Standard Time.

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 10 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

# General Facts

89. The defendants in this case have come together to call Mr. Barton many times using a variety of calling scripts and unregistered business names like (but not limited to) "American Solar", "Solar America" or "American Home Services", "State Solar", or "Solar USA".

90. This list is not exhaustive, Mr. Barton believes the defendants have called him using the names "Flux Solar", "Nationwide Solar", "US Solar", "US Home Solar", "Global Solar", "Solar Solutions", "American Home Services", "National Solar Advisor", and others.

91. All of these names are fake – no defendant in this lawsuit has these monikers for their company name – and they use them because they know they call without consent.

92.  None of these names are a registered *doing business as* for any defendant.

# Calling Script A

93. A sentence or so may vary from call to call, but Calling Script A is read by the same woman's voice and Calling Script A calls follow most of this text verbatim, including the same manners of speech, tone, and voice inflections.

94. The same entity initiated all of the Calling Script A calls to Mr. Barton.

95. "Hey my name is Maria calling you from American Home Services how are you doing today?  That's good to know.  So, let me tell you this isn't a sales call we are helping homeowners to save money on electric bills through a new federal funded solar program.  Ah according to my information you are home owner, right?  Ah do you still pay a hundred dollars or more for your electricity bill?  Wow, ok.  Looks like you qualify for the Federal funded solar program.  Please stay on the call let me transfer you to that

1  supervisor." At this point the call transitions to a live caller who typically identified him or

2  herself as "American Solar" or "Solar America" and conversation ensues.

3  96.  The live caller asks screening questions like typical electrical bill, full name, zip code and

4  address, credit score, power company name, and a preferred time for "their expert" to call

5  back in the next two days.

6  97.  The live caller often will give feedback on the call indicating that the caller has viewed

7  satellite images of the property address to verify the location is a good fit for solar panels.

8  98.  The live caller asks these questions and views the satellite images because BSM has

9  trained the phone agent on the kinds of properties BSM will work with and gave the phone

10  agent the screening questions to ask.

11  99.  The phone agent then electronically transfers the information they collected from the call

12  via Lead Locker Room to BSM and HRM, both accepting the information knowing it was

13  collected from outbound solicitation telephone calls.

**Calls using Calling Script A**

15  100.  Barton received the following calls that follow Calling Script A from the stated calling

16  numbers on the listed dates.

17  101.  Check marks denote the calls where in the ensuing conversation Mr. Barton told them he

18  resided in the 98607 zip code.

19  102.  Check marks denote the calls where in the ensuing conversation Barton told the caller he

20  did not want more calls and wanted to be removed from their calling list.

21  103.  This call list is not exhaustive, Mr. Barton believes he has received other calls from or on

22  behalf of the defendants, some not utilizing artificial or prerecorded voice.

| Calling # | Date Received | Told them 98607 | DNC Requested |
|-----------|---------------|-----------------|---------------|

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 12 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

| 469 347 7579 | 3.23.2023 | | |
|---|---|---|---|
| 469 347 2837 | 3.29.2023 | √ | |
| 469 313 8327 | 3.30.2023 | √ | √ |
| 469 347 1464 | 4.10.2023 | | |
| 469 347 3855 | 4.10.2023 | √ | |
| 469 347 6525 | 4.8.2023 | | |
| 469 347 9792 | 4.8.2023 | | |
| 469 347 7387 | 5.18.2023 | √ | √ |
| 469 949 9771 | 5.19.2023 | √ | |
| 469 347 9456 | 6.13.2023 | | |
| 469 347 3830 | 6.16.2023 | √ | |
| 219 426 2216 | 7.11.2023 | | |
| 316 400 2417 | 7.11.2023 | | |
| 316 400 2825 | 7.11.2023 | | |

104.

105.  Calling Script A calls typically were placed from a Texas area code, and calls back to these phone numbers either went unanswered or the call could not be completed because nearly all of the calling numbers shown above were spoofed – the entity or entities initiating the calls transmitted altered or faked calling numbers that did not lead back to them so that they could wrongfully try to obtain something of value from Mr. Barton without excessive risk of being caught for unwanted telephone solicitation.

106.  The exception to the call number spoofing was the calls placed on July 11, 2023, they were placed with working call back numbers answered by BSM.

107.  Calls back to these numbers were answered by an automated male voice identifying itself as "Solar USA" and then transitioned to a live agent identifying himself as "State Solar".

108.  By 7/14/2023, these used-to-be-working numbers were disconnected.

109.  Barton called (219) 426-2216 back on 7/11/2023 using an investigation phone number to investigate the entity placing or instigating the calls, and on whose behalf the calls were being initiated.

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 13 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

110. During the investigation of the calls, Mr. Barton used investigation phone numbers (360) 433-7226 and (360) 721-8593.

111. Mr. Barton may have used other phone numbers to investigate the entity placing or instigating the calls, and on whose behalf the calls were being initiated.

112. The "State Solar"/"Solar USA" person asked a variety of questions including Barton's home address, which Barton gave.

113. At the end of the call the phone agent said: "one of my solar specialists is going to give you a call to verify the appointment and give you the quotes".

114. Later that same day Barton received a call from (732) 592-1083.

115. The lady caller said she was following up from the information Barton gave the "State Solar/Solar USA" person, and called to verify the address Barton gave the "State Solar"/"Solar USA" person.

116. The lady caller said she was with "Bright Solar" and that she didn't have any reps in Barton's area but she would call back when she did.

117. Barton then called (732) 592-1083 back with a different investigation phone and learned from the person who answered the phone (732) 592-1083 is "Bright Solar Solutions" with website *BrightSolarMarketing.com*.

118. BSM owns and operates *BrightSolarMarketing.com*.

119. BSM was the entity answering (732) 592-1083 and making appointments for BSM who in turn was making the appointments for Freedom Forever.

120. BSM also used phone numbers (682) 332-7799 and (469) 457-9905 to communicate with Mr. Barton.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

121. This shows that the entity or entities physically initiating the calls is are the defendants, or the defendants directly hired the entity or entities who physically initiated the calls, or the defendants gave the entity or entities who physically initiated the calls the actual, apparent, or implied authority to initiate calls on the defendants' behalf and then make appointments for BSM's workers and Freedom Forever.

### This Telemarketer is Responsible for more Robocalls

122. Barton has received calls using a "Calling Script B".

123. A sentence or so may vary from call to call, but Calling Script B is read by the same man's voice and Calling Script B calls follow most of this text verbatim, including the same manners of speech, tone, and voice inflections.

124. "Hey my name is Daniel, calling you from Solar Solutions.  How are you doing today? We are providing free consultation regarding solar to save money on your electric bill I understand you are the homeowner of a single family regular house?  Are you still paying over a hundred dollars on your electric bill?  Let me connect you to supervisor.  He will let you know how to save money on your electric bill."  Then the call would transition to a live called who would introduce himself as "American Solar".

### Calls using Calling Script B

125. Barton received the following calls that follow Calling Script B from the stated calling numbers on the listed dates.

126. Check marks denote the calls where in the ensuing conversation Barton told their phone agent he resided in the 98607 zip code.

127. Check marks denote the calls where during the recording of the call, Barton found the calling number was spoofed (the calling number sent to Barton's phone was faked).

128. This call list is not exhaustive, Mr. Barton believes he has received other calls from or on behalf of the defendants, some not utilizing artificial or prerecorded voice.

129.

| Calling # | Date Received | Told them 98607 | DNC Requested | Spoof Check |
|---|---|---|---|---|
| 469 347 2173 | 3.15.2023 | √ | | |
| 469 347 4390 | 3.21.2023 | | | √ |
| 316 400 2638 | 7.11.2023 | | | |

130. Shortly after the 7/11/2023 call ended, Barton called (316) 400-2638 back from an investigative phone number.

131. The same automated male voice read through the same script as the calls back to the Calling Script A, July 11, 2023, calling numbers.

132. That is because the same entity answered the phone when Barton called phone numbers (316) 400-2638, (219) 426-2216, (316) 400-2417, and (316) 400-2825 shortly after receiving solicitation calls from these numbers.

133. The (316) calling numbers for Calling Script A and Calling Script B calls are nearly identical, selling an identical product with robocalls, and calls back to these numbers on the same day give the same automated male voice reading the same answering script.

134. This is because the calling entity and answering entity for all these calls is part of the same venture between FSS, HRM, and BSM LLC.

135. In lawsuit *Bales v Bright Solar Marketing LLC*, Floyd Bales sued the same Bright Solar Marketing LLC as in this lawsuit.

136. That lawsuit ended up in the United States District Court for the Middle District of Florida with case number 5:21-cv-00496.

137. As part of that case, Bright Solar Marketing LLC was FRCP 30(b)(6) deposed via Freedom Forever employee Mr. Steve Wysong on October 13, 2022.

138. As of that date of that deposition, Mr. Wysong had worked for Freedom Forever for a year, then worked for "Bright Solar Marketing" for a year, and then had returned to Freedom Forever and had been there for another year.

139. While at Bright Solar Marketing, Mr Wysong "managed a team of individuals that listened to calls made by the Bright Solar Marketing call center and made sure that our agents were asking the correct questions and being compliant on calls and setting appointments [for Freedom Forever] to the best of their ability and providing feedback to the call center manager."

140. Mr. Wysong testified that "Bright Solar Marketing" was the call center that set appointments for Freedom Forever's network of authorized dealers.

141. Mr. Wysong testified that Bright Solar Marketing's call center only made appointments for Freedom Forever or authorized dealers affiliated with Freedom Forever.

142. Mr. Wysong testified that at the time of the deposition Bright Solar Marketing employed at least 20 call-center employees.

143. Mr. Wysong testified that Bright Solar Marketing owned two call centers, one in Temecula California, and one in Las Vegas Nevada.

144. Mr. Wysong testified that Bright Solar Marketing received Leads from just one source – High Roller Marketing.

145. Mr. Wysong testified that when a lead comes in from High Roller Marketing to Bright Solar Marketing, an outbound phone call is made to set an appointment to the homeowner by one of Bright Solar Marketing's call center agents.

146. Mr. Wysong testified that in preparation for that deposition, he was able to know how many call attempts Bright Solar Marketing had made to each Lead.

147. Mr. Wysong testified that Bright Solar Marketing had client relationship management software called Lead Locker Room that is "a storage site of leads that flow in from social media marketing via HRM".

148. Some or all of the Lead information Bright Solar Marketing received from HRM would be in their Lead Locker Room software.

149. That same October 13, 2022, day, a Mr. Weldon Fortenberry the Third was FRCP 30(b)(6) deposed on behalf of Bright Solar Marketing.

150. At the time of the deposition Mr. Fortenberry was a current Freedom Forever Solar Services [or Freedom Solar Services, during the deposition Mr. Fortenberry wasn't sure which name for his employer was correct] employee.

151. He testified that Freedom Forever Solar Services did business as Bright Solar Marketing.

152. He was unaware of any other company doing business as Bright Solar Marketing.

153. In Mr. Fortenberry's deposition, when Mr. Fortenberry spoke of Bright Solar Marketing, he meant his employer Freedom Forever Solar Services / Freedom Solar Services.

154. Mr. Fortenberry testified that his Bright Solar Marketing had two call center locations – one in Temecula California and another one in Las Vegas Nevada.

155. Bright Solar Marketing LLC's Temecula California and Las Vegas Nevada call centers are the exact same call centers as Mr. Fortenberry's.

156. Same people, same locations.

157. They all used Xancall and Bright Pattern.

158. They all used Lead Locker Room.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

159. **Mr. Fortenberry was asked how Bright Solar Marketing LLC was different from Freedom Solar Services d/b/a Bright Solar Marketing and his answer was "my understanding, it's the same".**

160. Mr. Fortenberry testified that HRM had access to Bright Solar Marketing's dialer, and that HRM was managing the dialer.

161. Mr. Fortenberry testified that HRM was responsible for Bright Solar Marketing not calling people on the national do not call list.

162. Mr. Fortenberry testified that it was his understanding that it was HRM's responsibility to ensure that Bright Solar wasn't calling numbers on the national do not call list.

163. Mr. Fortenberry testified that Bright Solar Marketing employed Prospect Specialists whose job duties included cold calling potential clients.

164. Mr. Fortenberry testified that "In my personal experience, generally cold calling is someone who's not expecting a phone call".

165. On February 21, 2023, Mr. Fortenberry declared under penalty of perjury certain facts.

166. He clarified that Freedom Solar Services was doing business as Bright Solar Marketing.

167. He testified that Freedom Solar Services was the entity making calls to individuals like the plaintiff in that lawsuit.

168. He testified that Bright Solar Marketing LLC isn't engaged in any business operations.

169. He testified that Bright Solar Marketing LLC was created to move business operations away from Freedom Solar Services doing business as Bright Solar Marketing.

170. This is at odds with Bright Solar Marketing LLC's deposition testimony.

171. On February 20, 2023, Mr. Zachary Smith declared under penalty of perjury certain facts.

172. He testified that HRM does no marketing of its own, but maintains independent contractor agreements with "lead generators" who supply Leads to HRM.

173. He testified that Leads received from independent contractors are deposited into a holding software called "Lead Locker Room," which thereafter disburses the leads to Freedom Solar Services d/b/a Bright Solar Marketing ("BSM").

174. On 5/12/2025, a Taylor Ann Tilby declared under penalty of perjury certain facts.

175. Taylor Tilby testified to being the "Appointment Operations Manager for Freedom Solar Services".

176. Taylor Tilby testified that Bright Solar Marketing LLC is not engaged in any business operations.

177. Taylor Tilby testified that Freedom Forever, LLC is the parent company of Bright Solar Marketing LLC.

178. Taylor Tilby testified that Bright Solar Marketing LLC is a wholly owned subsidiary of Freedom Forever, LLC.

179. Taylor Tilby testified that HRM is a subsidiary of Freedom Solar Services.

180. These witnesses have provided conflicting testimony as to the role of Bright Solar Marketing LLC in the telephone calls, and they have not explained the conflicting testimony.

181. These BSM solicitation calls were all intended to generate business for the company Freedom Forever LLC ("Freedom Forever").

182. BSM and HRM work together to solicit solar business for Freedom Forever who is in the business of installing the solar equipment.

**Mr. Barton knows which calls use pre-recorded or artificially generated voices**

183. Plaintiff knows the calls are using pre-recorded or artificially generated voice because they made speech in an announcement tone of voice, occasionally glitched, do not invite any interaction from the recipient of the call, are identical to other calls including voice inflections, and the impersonal nature of each call.

184. They do not have a personalized greeting and none of these initial speakers invite verbal responses from the call recipient.

185. When the pre-recorded or artificially generated voice announcement is over, the call transitions to a live caller which would not be needed if the initial speaker was a live person.

**Other phone calls**

186. In Dkt. 32, the Court said *the new amended complaint should not include claims related to phone calls made on or after July 23, 2023 unless Plaintiff is able to identify specific phone calls made on or after this date*.

187. This specific July 23, 2023, date is only relevant to the complaint via a change in the law.

188. That date didn't signify a change in Mr. Barton's circumstances, or the defendants'.

189. This logic implies a TCPA plaintiff could only lay claim to phone calls specifically plead in the complaint.

190. Forcing Mr. Barton to have specific knowledge of every phone call such that it can be tied to the defendants at the complaint stage artificially introduces a heightened pleading standard beyond that required in FRCP 8.

191. See *Owens v. Starion Energy, Inc*., 2017 U.S. Dist. LEXIS 101640, 2017 WL 2838075. That complaint contained general allegations about a pattern of marketing-related telephone calls from that defendant, and only provided detail about ONE specific call.

1    192. This complaint contains specific details of 17 phone calls.

2    193. In fact, in *Ewing v. Freedom Forever, LLC*, 2024 U.S. Dist. LEXIS 10197, 2024 WL

3       221777 (the same Freedom Forever in this complaint), Freedom Forever argued that that

4       complaint *fails to indicate how many texts Plaintiff received and when he received them*

5       and the court noted that such detail wasn't required.

6    194. Mr. Barton alleges that the defendants had a pattern and practice of calling him.

7    195. The Court's logic harms Mr. Barton by hindering or precluding his ability to tie the phone

8       calls to the defendant through the discovery process.

9    196. It is unreasonable to believe that in a 17-call lawsuit spanning at least five months, not

10      once was there a missed call.[5]

11   197. It is unreasonable to assume that not once did an answered call end before Mr. Barton

12      could tie the call to the defendants.

13   198. It is unreasonable to say Mr. Barton cannot claim damages for possible phone calls from a

14      pattern and practice of calls lasting at least five months when the last documented call from

15      the defendants was on July 11, 2023, just because the law changed just 11 days later.

16   199. Barton believes the defendants have called him other times over the last four years,

17      including but not limited to missed calls, other calling scripts, other fake business names,

18      and/or with calls that did not start with artificial or pre-recorded voice and are not yet

19      traced to the defendants.

20           **The defendants knew or should have known about their unwanted calls**

21   200. BSM is aware there is a long history of unwanted solicitation calls in their name.[6]

---

[5] Missed calls are still TCPA violations. *Barton v. JMS Assoc. Mktg., LLC,* 2023 U.S. App.
LEXIS 3593, 2023 WL 2009925
[6] https://www.yelp.com/biz/bright-solar-marketing-temecula

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

201. BSM and HRM have a long history of initiating unwanted solicitation calls.



**Benjamine H.**
Mount Kisco, NY
185 ⊡ 11

⭐☆☆☆☆ 2/27/2023

They call me 3-4 times daily from different phone numbers so it's impossible to block them. I've repeatedly asked them to put me on their do not call list and they still won't stop calling. If they participate in this kind of illegal spam marketing, I certainly would not trust them as a business.

202.

**Vincent S.**
San Francisco, CA
0 ⊡ 1

⭐☆☆☆☆ 5/20/2023

They won't stop calling me. I've told them times and again I do not want solar. They she told me I requested it and I never did. Ask her if I could have her home number so I can call and harass her at home. She said no. Thi k it's time to call states attorney about them. I'm also on the national do not call list.

203.



**Alexandra T.**
Sea Cliff, San Francisco, CA
0 ⊡ 6

⭐☆☆☆☆ 8/11/2022

OMG they are spooky.
The cold call agent called out of the blue; refused to give any info about their website and grudgingly gave the name of the company :). Told that it does not matter, they will just come by tomorrow to my house.
No idea if they are good installers, but they are perfect stalkers.
Update. Went to their site. It is a definite scam. No technical information, no client list, no use cases. Just a honey trap.

204.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    205.



**Charlie B.**
San Francisco, CA
🗋 0  ⊡ 1

 5/8/2023

So sick of these people calling day in and day out. Have no clue how they got my number but I am keeping a record of all of the dates, numbers they have called from and will be reporting them to the FCC and possible harassment charges. They tell you at the beginning of each call the whole conversation is being recorded, hopefully it will still be there when they have to produce the tapes where I tell them to stop calling me.

2    206.



**Tamieka P.**
Malden, MA
🗋 38  ⊡ 13  🖾 19

 12/2/2021

📷 1 photo

HORRIBLE!!! The soliciting calls are unreal. They call from several different numbers and won't stop. I've kindly asked them to remove me from their list and it has been almost 1 full year of non stop calls least 2-3 calls per day.

Don't let them fool you! I wish I could upload a recording of the multiple voicemails. SMH! Picture below

3    207.



**Grif J.**
Riverton, UT
🗋 12  ⊡ 6  🖾 2

 8/26/2021

📷 1 photo

I get soliciting cell phone calls every day, sometimes 4 times a day. I have told them not to call and to put me on do not call list. Calls keeping coming. No one needs solar this bad. High pressure marketing even before any product is possible. Desparate company, avoid at all cost!

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607



**Kari E.**
San Francisco, CA
▣ 0  ⊡ 1

⭐☆☆☆☆    4/28/2023

0 stars!  They have been harassing me for months .  Worst part is they have the WRONG number!!!!  They call every hour, ever single day.  Different phone numbers.  I am NOT the gentleman they ask for, nor do I know this person. I am also NOT at the address that they give to me for this gentleman (really? you're giving out someone else address?), AND I AM NOT EVEN A HOME OWNER!!!!  I have told them multiple times to remove me off the do not call list!!!!  The "supervisor" that I spoke to today was extremely rude and said "I show we have only called you one time ever!"  I said BS, and read off the list of times just from this morning AND yesterday and asked if he wanted me to keep listing the days and times.  I have a long list of their numbers, days and times they have called and I am at the point of taking legal action.  I am at my wits end and this has to be absolutely illegal at this point with how many times I have said to remove me OFF the do not call list!



**David L.**
San Francisco, CA
▣ 0  ⊡ 2  ▣ 2

⭐☆☆☆☆    Mar 26, 2024

This company will not spam calling me. When I ask them to take me off the list, they just hang up on me and then I get another call in a few days. This company was sued back in 2022 for unsolicited spam calling and it is obvious that they haven't changed their ways. Perhaps they need to be sued again?

208.

209.

210. Not only is there a long running pattern of unwanted calls attributed to BSM, the defendants have been sued for telemarketing violations in multiple federal lawsuits in the last few years.

211. But they keep making illegal calls because that is their business model.

212. Their employees report that they cold call:[7]

---

[7] https://www.indeed.com/cmp/Bright-Solar-Marketing-1/reviews

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 25 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

213.

**1.0**
★☆☆☆☆

## Standard call center

Telemarketer (Former Employee) - Temecula, CA - August 7, 2022

The hours were consistent and mostly flexible but it's cold calling and sales. You get paid for being there and let go if you don't scam the elderly before a month ends.

214.

**1.0**
★☆☆☆☆

## Stressful Culture but, hours are flexable

Call Center Customer Service Representative (Current Employee) - Temecula, CA - December 23, 2022

Hours are great cause they are actually flexable. The down side is the company culture and the bad leads. Its stressfull always trying to make appointments with pepole that dont want to make appointments or that you are cold calling the company is supposed to help not bring you down and make you feel crazy because they dont have good leads. You basically get yelled at day.You wont move up based on hard work ill be based on favoritisiom

215.

**1.0**
★☆☆☆☆

## Fickled work environment

Call Center Representative (Former Employee) - Temecula, CA - September 11, 2020

Working at bright solar, right off the bat, the commission amount wasn't completely verified nor talked about. When I was interviewed, I was told all the calls are inbound. While working the calls are majority outbound. The outbound calls are old leads,1 year or more. Managers expect you to "hammer down on the leads"until they request to never be called again.

216. A Joseph Ferber reports that he worked for BSM[8] and he reports his experience as:

// Blank

// Blank

---

[8] https://www.linkedin.com/in/joseph-ferber-99839733

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 26 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607



### Experience

**Prospect Specialist**
Bright Solar Marketing
May 2023 - Present · 3 months

Las Vegas, Nevada, United States

A combination of mostly cold-calling and some inbound leads for the purpose of telemarketing about the benefits of solar, and then appointment-setting for solar professionals to close business for residential locations throughout the U.S.

217.

218. This person also reported talking to an "American Solar" that resulted in a call back from BSM, just as Barton experienced.  This review is dated 8/26/2021, showing BSM and HRM has had this same *modus operandi* as Barton experienced in 2023.

219. In Calling Script B, the artificial or pre-recorded voice (that could be said to have a foreign accent) claims to be Daniel, and the caller often claims to be American Solar.

220. In this recorded call, the same voice Barton heard in the phone calls to him claimed to be both Solar Solutions and American Solar in another call.[9]

221. HRM, BSM, and the phone agents worked together to use many fake business names to avoid being sued for the unwanted calls.

222. They do this because they know they are calling without consent.

223. BSM and HRM have a pattern and practice of calling Texas area code numbers because they believe people residing in the Texas area are fertile ground for customers and they figure the best way to reach people in Texas is to telephone solicit Texas area codes.

---

[9] https://www.nomorobo.com/lookup/660-282-2936

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607



**M A.**
Dana Point, CA

📷 12   ⭐ 41   🖼 33

⭐☆☆☆☆   5/18/2020

📷 2 photos   ⓘ First to Review

BRIGHT SOLAR MARKETING AND FREEDOM FOREVER SOLAR ARE RUN BY SAME PERSON / ENTITY ... Received an unsolicited call (we are on national DNC list) from a guy named Daniel (foreign accent) calling from 949-449-3593. ==Daniel said he was from American Solar.== Daniel did not have our name or address correct so I updated him with even more bogus info to find out who HE was. Two hours later I got a call from Luis at Bright Solar. A quick look on Yelp shows Bright Solar in San Jose closed approx. 2015.

When calling Daniel back at this number (949-449-3593) a child answered and hung up after I asked for Daniel. When calling back again this sneaky cat played the phone company's busy signal while eavesdropping on the call.

I called back to 949-627-9402 because I got a hang up call. 627 is a Laguna Beach prefix. A dude named named Luis said he was calling me back from Bright Solar. I had to press to find out he was located in Temecula. Looking up Bright Solar brings up Bright Solar "Marketing" AND Freedom Forever at 43445 Business Park Dr Ste 110 Temecula, CA 92590. Yelp's review of Freedom shows flat out criminal behavior. Daniel from Freedom was so desparate that he offered to set up an appointment at 5:30pm in just four hours time.

I have not used Freedom Forever Solar nor have I ever had any contact with Bright Solar (marketing) in the past. Bright aka: Freedom list their License in CA as .. State of California C10 - Electrical; B - General Building Contractor; C39 - Roofing; C46 - Solar 1029644

Freedom has EIGHT citations and ONE Active complaint against them as I type. Here's the link to the CA Contractor's Lic Page (CSLB)

224.

225. This employee answered "What is a typical day like for you at the company [BSM]:[10]

// Blank

---

[10] https://www.indeed.com/cmp/Bright-Solar-Marketing-1/faq/what-is-a-typical-day-like-for-you-at-the-company?quid=1gpeq1fp6t6gt801

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 28 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

> **What is a typical day like for you at the company?**
>
> Asked February 16, 2023
>
>
> **1 answer**
>
> Answered February 16, 2023 - Customer Service Representative - Temecula, CA
>
> Flexible schedule, <mark>cold calling leads</mark> 300+ calls a day

226.

227.  BSM themselves posted jobs that includes the requirement "Cold and warm calling to

potential clients".[11] [12] [13] [14]

228.  Just like in *McCurley v. Royal Seas Cruises, Inc*., 2022 U.S. App. LEXIS 9079, 2022 WL

1012471, the reports from their own employees, their own job postings, and from the

public at large about cold calling and unwanted calls supports a finding that these

defendants were on notice that they were calling people without consent.

**These calls are annoying**

229.  The phone ringing and listening to pre-recorded or artificial voice calls where it takes time

and annoyance to talk to a live person is obnoxious, an invasion of privacy, a trespass into

Plaintiff's property and seclusion, and a waste of time.

230.  Answering the phone takes time that could be spent doing other things, and these calls do

have a real, if small, cost in electricity and life of the phone.

231.  Trying to figure out who is behind the calls is obnoxious and costs Barton time.

232.  These phone calls were initiated to encourage Mr. Barton to purchase goods or services.

---

[11] https://www.snagajob.com/jobs/561400670
[12] https://www.snagajob.com/jobs/560652595
[13] https://lensa.com/call-center-representative-jobs/temecula/jd/a7cf184737d91c3ffbc8a4ae7d149972
[14] https://lensa.com/call-center-rockstar-jobs/las-vegas/jd/933e8c6746c884e6ba19b28e602aa902

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 29 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

## IV.    RELIEF

### Federal Claims - TCPA 47 U.S.C. 227 & 47 C.F.R § 64.1200

### Count 1

233. FSS and BSM LLC (with their joint operation known as "BSM") owned and/or operated a call center which violated 47 U.S.C. 227(b) by calling Plaintiff's cellular telephone while using an artificial or prerecorded voice without consent.

234. FSS and BSM LLC can't agree on which of them owns and / or operates these call centers so at the pleading stage Mr. Barton alleges they both own and both operate their call centers.

235. BSM used HRM to manage the dialer that physically dialed these 47 U.S.C. 227(b) violating calls to Mr. Barton and thus is also directly liable for the calls.

236. Further, BSM gave HRM the responsibility to prevent the dialer from initiating calls to phone numbers placed on the national DNC list, and HRM failed to prevent the dialer from initiating calls to his phone number even though it was on the DNC list.

237. But for HRM's failure, Mr. Barton would not have received the unwanted telephone calls.

238. If HRM was a corporate officer, this failure to scrub his number from the calling list would subject him or her to personal liability. *Hoffman v. Logan*, 2021 Wash. App. LEXIS 1808, 2021 WL 3144951 (a corporate officer is deemed to have "made" a call, and thus liable under the TCPA, if the officer "had direct, personal participation in or personally authorized the  conduct found to have violated the statute.").

239. No exception under 47 C.F.R § 64.1200 or 47 U.S.C. 227 applies to these calls.

### Count 2

240. The preceding paragraphs are incorporated into this Count.

241. BSM with HRM managing the dialer both violated the regulations governing the TCPA, 47 C.F.R § 64.1200 and TCPA 47 U.S.C. 227(c) by making at least two telephone solicitations to Plaintiff's residential cellular telephone number in a 12-month period while the number was registered on the FTC's National do-not-call registry without consent. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.

**Count 3**

242. The preceding paragraphs are incorporated into this Count.

243. BSM with HRM managing the dialer both violated 47 C.F.R § 64.1200(a)(7) by abandoning more than 3 percent of their artificial or prerecorded voice telemarketing calls to Barton.

244. In nearly every call initiated to Plaintiff by the BSM with HRM managing the dialer, or on the their behalf, where Plaintiff answered a ringing telephone and timed how long it took for the entity behind the call to start 'speaking', the calls did not meet the two second requirement.

245. In the abandoned calls, BSM with HRM managing the dialer both violated 47 C.F.R § 64.1200(a)(7)(i)(A) and (B).

**Count 4**

246. Withdrawn.

**Count 5**

247. The preceding paragraphs are incorporated into this Count.

248. BSM with HRM managing the dialer both violated 47 C.F.R. § 64.1200(d)(4) "All artificial or prerecorded voice telephone messages shall" (3) by failing to comply with:

> "Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of

1   the individual caller, the name of the person or entity on whose behalf the
2   call is being made, and a telephone number or address at which the person
3   or entity may be contacted."

4   249. HRM was intimately involved in the telemarketing calls and knew or should have known

5   BSM was violating 47 C.F.R. § 64.1200(d)(4) yet participated anyway.

6   250. With no exceptions did the defendants "provide the called party with the name of the

7   individual caller, the name of the person or entity on whose behalf the call is being made,

8   and a telephone number or address at which the person or entity may be contacted" on any

9   call described above.

10                                    **Count 6**

11  251. The preceding paragraphs are incorporated into this Count.

12  252. HRM was intimately involved in the telemarketing calls and knew or should have known

13  that both itself and BSM were violating 47 C.F.R. § 64.1200(d) yet participated anyway.

14  253. BSM with HRM managing the dialer both violated 47 C.F.R. § 64.1200(d) by placing calls

15  for telemarketing purposes or initiating artificial or prerecorded-voice telephone calls

16  without instituting procedures for maintaining a list of persons who request not to receive

17  such calls made by or on behalf of that person or entity.

18                                    **Court 7**

19  254. The preceding paragraphs are incorporated into this Count.

20  255. BSM with HRM managing the dialer both violated 47 CFR § 64.1601(e).

21  256. In almost all calls the callers transmitted fake calling numbers.

22  257. Mr. Barton learned of the fake caller identification information by calling the calling

23  numbers back and finding out they were disconnected or connected to entities other than the

24  defendants.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

258. In all calls the callers had the ability to transmit the name of the Telemarketer or the Seller and intentionally chose not to.

259. In all calls the callers had the ability to transmit via caller ID a phone number registered to one of the defendants or to Freedom Forever and intentionally chose not to.

260. HRM managed the dialer, which presumably controlled what sending telephone number was transmitted to the recipient, so they more than any other would have been aware they were transmitting fake phone numbers that did not belong to any defendant or Freedom Forever.

261. They transmitted as caller ID the phone numbers that belonged to other subscribers not connected to any defendant or Freedom Forever who were then themselves harassed by people trying to call BSM and HRM back.

262. BSM was managing the call center at which HRM transmitted the fake caller identification, BSM owned the equipment HRM used to transmit the fake caller identification, and HRM did so with the authority of BSM.

# Washington State Claims

## Count 8

### RCW 80.36.390 – Prior to July 23, 2023

263. The preceding paragraphs are incorporated into this Count.

264. Washington State RCW 80.36.390(2) said

265. A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call.

266. In many calls BSM with HRM managing the dialer both failed to identify the company on whose behalf the solicitations were being made within the first 30 seconds of the phone calls.

267. HRM managed the dialer and presumably had knowledge and control over the calling script played when the call was connected to a recipient.

268. They along with BSM knew from the calling script that neither the initiator of the call nor the company or organization on whose behalf the solicitation is being made was identified within 30 seconds of the start of the call.

**Count 9**

269. The preceding paragraphs are incorporated into this Count.

270. Washington State RCW 80.36.390(6) said

271. If, at any time during the telephone contact, the called party states or indicates that he or she does not want to be called again by the telephone solicitor or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the telephone solicitor:

    (c)     The telephone solicitor shall not make any additional telephone solicitation of the called party at any telephone number associated with that party within a period of at least one year;

272. BSM repeatedly continued to call Plaintiff even after their phone agents were told that Plaintiff did not want to be called again or wanted his number removed from their calling list.

273. HRM managed the dialer, including the phone lines between BSM and Mr. Barton, and HRM and BSM both knew or should have known from the conversations between the phone agents and Mr. Barton that he had asked the phone agents to stop calling, and that meant both HRM and BSM should stop initiating calls to his phone number as required by 80.36.390(6).

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 34 / 38

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**RCW 80.36.390 – On or after July 23, 2023**

**Count 10**

274. The preceding paragraphs are incorporated into this Count.

275. Washington State RCW 80.36.390(3) now says

276. A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first seconds of the telephone call.

277. In any post July 23, 2023, calls, BSM with HRM managing the dialer both must have failed to identify themselves or the company on whose behalf the solicitations were being made within the first 30 seconds of the phone calls or Mr. Barton would have known who they were.

**Count 11**

278. Withdrawn

**Count 12**

279. Withdrawn

**Count 13**

280. The preceding paragraphs are incorporated into this Count.

281. Washington State RCW 80.36.390(9) now says

282. No person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended. This subsection applies to all telephone solicitation intended to be received by telephone customers within the state.

283. Mr. Barton's phone number continued to be on the national DNC list.

284. In any post July 23, 2023, calls, BSM with HRM managing the dialer both would have violated RCW 80.36.390(9).

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Count 14**

285. The preceding paragraphs are incorporated into this Count.

286. Washington State RCW 80.36.390(10) now says

287. It is unlawful for a person to initiate, or cause to be initiated, a telephone solicitation that violates 47 U.S.C. Sec. 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government. This subsection applies to all telephone solicitation intended to be received by telephone customers within the state.

288. In any post July 23, 2023, calls, defendants must have transmitted misleading or inaccurate caller identification information or a call back to those numbers would have revealed one or more of the defendants or Freedom Forever.

289.  In any post July 23, 2023, calls, the defendants would have transmitted misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value from Barton.

290. BSM with HRM managing the dialer both would have used the misleading or inaccurate caller identification information with the intent of intruding on Mr. Barton's privacy by ringing his phone for the purpose of telephone solicitation without his consent.

291. BSM with HRM managing the dialer both would have used the misleading or inaccurate caller identification information with the intent of illegally obtaining something of value - Mr. Barton's purchase of goods or services by using unwanted phone calls that violate the law.

292. They would have used the fake caller identification numbers knowing that Barton resided in Washington State.

**RCW 80.36.400**

**Count 15**

293. The preceding paragraphs are incorporated into this Count.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

294. Washington State RCW 80.36.400(2) states:

   "No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state."

295. BSM with HRM managing the dialer both used an automatic dialing device to initiate all the robocalls [calls utilizing artificial or prerecorded voice] described above to Barton's phone numbers.

296. BSM with HRM managing the dialer both used an automatic dialing and announcing device to initiate all the robocalls described above to Barton's phone numbers and then play artificial or prerecorded voice if and when the call was answered.

297. BSM with HRM managing the dialer both violated Washington State RCW 80.36.400(2) many times by calling Plaintiff's cellular telephone number without consent, while using an automatic dialing and announcing device for commercial solicitation.

298. RCW 80.36.400 defines "Commercial solicitation means the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services."

299. Prior to July 23, 2023, violations of RCW 80.36.400(2) were $500, but then trebled under Washington State's Consumer Protection Act RCW 19.86.

300. Post July 23, 2023, violations of RCW 80.36.400(2) are $1,000.

**Treble Damages**

301. Plaintiff believes the record shows that defendants' violations of the law were willful or knowing.

302. The defendants know telemarketing law yet did not follow it.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

303. They have received many complaints about unwanted calls going back for years yet keep doing it.

304. BSM with HRM managing the dialer both failed to identify themselves within 30 seconds, failed to identify themselves at all, failed to identify Freedom Forever, abandoned almost every call, robocalled without consent, ignored Barton's do not call requests, and spoofed their calling numbers to evade identifying themselves.

305. Even knowing he was on the *do-not-call* list, BSM with HRM managing the dialer both called him again and again.

306. Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c) and TCPA 47 U.S.C. 227(b), and the presumption that violations of RCW 80.36.400 are awarded triple damages under the Washington State Unfair Business Practices Act RCW 19.86.

**All Possible Statutory Damages**

307. Mr. Barton prays for all possible statutory damages (there is no claim for actual damages) and costs that he might entitled too.  Examples might be, but are not limited to, court costs, attorney fees (should he retain an attorney to represent him in this lawsuit), pre-judgement interest, and post-judgement interest.


Signed at Camas, WA on October 10, 2025

.

_____

(Nathen Barton)

Nathen Barton
BlueWind33@ProtonMail.com
(360) 241-7255

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607