The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| NATHEN BARTON,<br><br>    *Plaintiff*,<br><br>vs.<br><br>BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, HIGH ROLLER MARKETING LLC, SUNRUN INC., and CLEAN ENERGY EXPERTS LLC,<br><br>    *Defendants*. | Case No. 3:25-cv-05310-DGE<br><br>**MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING LLC**<br><br>NOTED FOR CONSIDERATION:<br>    NOVEMBER 24, 2025 |

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING, LLC-i

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………iii

INTRODUCTION ……………………………………………………….....1

BACKGROUND RELEVANT TO MOTION …………………………….. ……………………...2

LEGAL STANDARDS …………………………………………………………..4

    I.     MOTION TO DISMISS: FED. R. CIV. P. 12(b)(6) …………………………………..4

    II.    MOTION TO STRIKE: FED. R. CIV. P. 12(f) …...…………………………………..4

ARGUMENT ………………………………………………………………5

    I.     TO THE EXTENT PLAINTIFF CONTINUES TO SEEK INJUNCTIVE RELIEF, THAT REQUEST SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO OBTAIN INJUNCTIVE RELIEF UNDER FED. R. CIV. P. 12(b)(1). ….5

    II.    PLAINTIFF'S CONTINUED FAILURE TO PROVIDE SPECIFICS BEYOND HIS CONJECTURE THAT HE "MAY" HAVE RECEIVED OTHER CALLS MANDATES DISMISSAL OF ANY CLAIMS OTHER THAN THOSE SPECIFICALLY PLEADED. ..7

    III.   THE COMPLAINT AGAINST BSM LLC, FSS, AND HRM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6). ……. 9

        A.  Plaintiff's Continued Global Allegations of "Defendants" Do Not Comply with Rule 8 and Mandate Dismissal. ……………………………………………………….. 10

        B.  If the Second Amended Complaint Is Not Dismissed in Full, Counts 10, 13, and 14 Should Be Dismissed with Prejudice Because Plaintiff Again Fails to Make Any Plausible Allegations of Receiving Calls After July 23, 2023. ……………………….. 12

    IV.   THE COURT SHOULD STRIKE THE MANY PORTIONS OF THE SECOND AMENDED COMPLAINT THAT HAVE NO RELEVANCE TO THE SPECIFIC ALLEGATIONS MADE AGAINST BSM LLC, FSS, AND HRM …………………… 14

        A.  Allegations Regarding Other, Unrelated Lawsuits Against One or More Defendants Should Be Stricken. ……………………………………………………….. 15

        B.  The Court Should Strike the Irrelevant and Immaterial Hearsay Blog Posts. ………...16

CONCLUSION ………………………………………………………… 17

CERTIFICATE OF SERVICE …………………………………………………. 19

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-ii

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

**TABLE OF AUTHORITIES**

**Case(s)**                                                      **Page(s)**

*Anderson v. JPMorgan Chase & Co.*, 2018 WL 3608405 (W.D. Wash. July 26, 2018) …………11

*Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251 (M.D. Fla. 2012) ………… 8, 13

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ………………………………... 4

*Barton v. George*, 2025 WL 1884098 (W.D. Wash. July 8, 2025)……………………………..9, 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) …………………………………………………4

*Blair v. Assurance IQ LLC*, 2023 WL 6622415 (W.D. Wash. Oct. 11, 2023) …………………… 6

*Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193 (9th Cir. 1995) ……………………………………4

*Broadcast Music, Inc. v. QM Enter., LLC*, 2025 WL 1456593 (W.D. Wash. May 21, 2025) ..10, 11

*Brown v. Nano Hearing Tech Opco, LLC*, 2024 WL 3367536  (S.D. Cal. July 9, 2024) ………… 6

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251 (9th Cir. 1997) ……………………………..4

*Cameron v. Country Mut. Ins. Co.*, 2025 WL 2978821 (W.D. Wash. Oct. 22, 2025) …………… 5

*Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174 (S.D. Cal. 2015) ………………………………5

*Cunningham v. Health Plan Inter. Holdings*, 2018 WL 7350923 (M.D. Fla. Aug. 23, 2018) .. 8, 13

*Cunningham v. TechStorm, LLC*, 2017 WL 721079 (N.D. Tex. Feb. 23, 2017) ………………8, 13

*Dahlstrom v. Life Care Ctrs. of Am., Inc.*, 2023 WL 4893491 (W.D. Wash. Aug. 1, 2023) ..... 4, 11

*Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) ……………………………………………..…10

*Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312 (S.D. Fla. 2012) ……………..............8, 13

*Estate of Petersen by and through Petersen v. Koelsch Senior Communities, LLC*,
      2025 WL 914401 (D. Mont. Mar. 26, 2025) ………………………………………………17

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ………………………….. ……………...5

*G.G. by and through A.G. v. Meneses*, 638 F. Supp. 3d 1231 (W.D. Wash. 2022)  ……………....6

*Garcia v. Diaz*, 2021 WL 719820 (C.D. Cal. Feb. 24, 2021) ……………………………………10

*Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982)……………………………………….... 4

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT      Pierson Ferdinand LLP
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,                      450 Alaskan Way S., Ste 200
AND HIGH ROLLER MARKETING, LLC-iii                                    Seattle, WA 98104
                                                                     (564) 215-4988

*Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983) …………………………………………4

*Kent v. AVCO Corp.*, 815 F. Supp. 67, 71 (D. Conn. 1992) ………………………… 15-16

*MFG Universe Corp. v. Next Gen LED, Inc.*, 2022 WL 3028081

    (W.D. Wash. Aug. 1, 2022) …………………………………………………11, 12

*Makhani v. Wells Fargo Bank*, 2020 WL 13368789 (C.D. Cal. Mar. 13, 2020)……………..15, 17

*Mathew Enter., Inc. v. Chrysler Group LLC*, 2016 WL 11432038 (N.D. Cal. Sept. 21, 2016) … 17

*Merritt v. Wells Fargo Bank, N.A.*, 2019 WL 1951608 (C.D. Cal. Mar. 15, 2019) ………………15

*Miller v. Time Warner Cable Inc.*, 2016 WL 7471302 (C.D. Cal. Dec. 27, 2016) ……………… 6

*Mobiloc, LLC v. Neutron Holdings, Inc.*, 555 F. Supp. 3d 1040 (W.D. Wash. 2021) ……………17

*Munoz v. United States*, 28 F.4th 973 (9th Cir. 2022) ………………………………………….. 4

*Nissen v. Lindquist*, 2017 WL 26843 (W.D. Wash. Jan. 3, 2017) ………………………………11

*Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987) ……………………………………………………4

*Polaris PowerLED Tech., LLC v. Nintendo Co., Ltd.*, 623 F. Supp. 3d 1132 (W.D. Wash. 2022)

    ……………………………………………………………………..14-15, 16, 17

*Rapp v. NaphCare, Inc.*, 2022 WL 17793961 (W.D. Wash. Dec. 19, 2022) …………………… 4

*Reiter's Beer Distr., Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136 (E.D.N.Y. 1987)..16

*Sepehry-Fard v. Dept. Stores Nat'l Bank*, 15 F. Supp. 3d 984 (N.D. Cal. 2014) ……………. 8, 13

*Silver v. Capital One, N.A.*, 2025 WL 2830749 (W.D. Wash. Oct. 6, 2025) …………………… 4

*Updike v. Multnomah Co.*, 870 F.3d 939 (9th Cir. 2017) …………………………………………6

*Villa v. Maricopa Co.*, 865 F.3d 1224 (9th Cir. 2017)………………………………………….. 4

*Watt v. HAL Antillen N.V.*, 2024 WL 4436966 (W.D. Wash. Oct. 7, 2024) …………………10-11

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ……………………………. 4

*Zeitlin v. Palumbo*, 532 F. Supp. 3d 64 (E.D.N.Y. 2021) ……................................................8, 13

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT     Pierson Ferdinand LLP
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,              450 Alaskan Way S., Ste 200
AND HIGH ROLLER MARKETING, LLC-iv                       Seattle, WA 98104
                                                     (564) 215-4988

**Statute(s) and Rules**

47 C.F.R. § 64.1200(a)(7) ……………………………………… 13

47 C.F.R. § 64.1200(d) ……………………………………… 14

47 C.F.R. § 64.1200(d)(4) ……………………………………… 13

47 C.F.R. § 64.1601(e) ……………………………………… 14

Federal Rule of Civil Procedure 8 ……………………………..*passim*

Federal Rule of Civil Procedure 12(b)(1) …………………………...1, 2, 5, 6

Federal Rule of Civil Procedure 12(b)(6) ………………………… *passim*

Telephone Consumer Protection Act ……………………………*passim*

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-v

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

# INTRODUCTION

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendants Bright Solar Marketing LLC ("BSM LLC"), Freedom Solar Services ("FSS"), and High Roller Marketing LLC ("HRM") move to dismiss the Second Amended Complaint filed against them by Plaintiff, Nathen Barton. The Court granted the motion to dismiss the First Amended Complaint (D.E. 32), resulting in Plaintiff's filing the current Second Amended Complaint (D.E. 33). The Second Amended Complaint, however, fares no better than its predecessor, and it likewise should be dismissed.

Plaintiff, proceeding pro se, has sued the three Defendants for alleged violations of the Telephone Consumer Protection Act ("TCPA") and corresponding Washington statutes. The Court should once again dismiss Plaintiff's claims against BSM LLC, FSS, and HRM under Rule 12(b)(6). In the alternative, portions of the Second Amended Complaint should be stricken under Rule 12(f).

First, in an abundance of caution, Defendants move to dismiss any request Plaintiff continues to make for injunctive relief because Plaintiff lacks standing to seek and obtain such relief. The Court dismissed that request earlier this month (*see* D.E. 32 at 8-10), yet Plaintiff continues to style the operative Complaint as one for "INJUNCTIVE RELIEF." (D.E. 33 at 1 (capitalization original).) To the extent Plaintiff continues to request injunctive relief, that request should be dismissed for the reasons the Court explained in its prior Order.

Second, Plaintiff's claims against BSM LLC, FSS, and HRM should be dismissed under Rule 12(b)(6). As before, the threshold, and dispositive, problem is Plaintiff's group pleading of Defendants without ascribing specific conduct to any particular Defendant. Such improper pleading does not comply with Federal Rule of Civil Procedure 8, as court after court in this District has held in rejecting – and dismissing – similar group pleading efforts. If the Court does not grant dismissal on this basis, the

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-1

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

Court should dismiss the three claims Plaintiff has re-alleged that post-date July 23, 2023, despite the Court's express warning to Plaintiff not to re-plead those claims absent specific supporting allegations supplying Rule 8-compliant information, which Plaintiff concedes he has not provided (again). Further, all claims against FSS except for Count 1 should be dismissed. Moreover, vast portions of the Second Amended Complaint should be stricken under Rule 12(f) as immaterial and/or impertinent.

In short, Plaintiff's Second Amended Complaint does not state claims against BSM LLC, FSS, and HRM, and Plaintiff lacks standing to obtain an injunction against them. If any portion of the Second Amended Complaint survives dismissal, significant portions of the pleading should be stricken under Rule 12(f).

## BACKGROUND RELEVANT TO THE MOTION

The original complaint named only one Defendant, BSM LLC (along with "John Doe 1-10"). (D.E. 1-1 at 4.) On July 1, 2025, Plaintiff filed the First Amended Complaint, which added four defendants – FSS, HRM, Sunrun Inc. ("Sunrun"), and Clean Energy Experts LLC ("CEE"). (D.E. 10 at 1.) Plaintiff subsequently dismissed his claims against Sunrun and CEE with prejudice. (D.E. 24.) The other three Defendants – BSM, FSS, and HRM – moved to dismiss the operative Complaint under Rules 12(b)(1) and 12(b)(6). (D.E. 32.)

In an Order issued on October 9, 2025, the Court granted the motion to dismiss. (D.E. 32.) First, the Court held that "Plaintiff's complaint fails to give BSM adequate notice of the allegations against it" and "constitutes improper group pleading." (*Id.* at 8.) Second, the Court dismissed Plaintiff's claim for injunctive relief because "Plaintiff has not established a likelihood of future harm sufficient to confer Article III standing for an injunction." (*Id.* at 10.) Third, as relevant to the present motion, the Court granted dismissal as to all five claims Plaintiff purported to assert "on or after July 23, 2023," because

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-2

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

"Plaintiff concedes he has not alleged receipt of any calls on or after July 23, 2023." (*Id.* at 15.) In so ruling, the Court cautioned Plaintiff that "the new amended complaint should not include claims related to phone calls made on or after July 23, 2023 unless Plaintiff is able to identify specific phone calls made on or after this date." (*Id.*)

One day after the Court issued the dismissal Order, Plaintiff filed the Second Amended Complaint. (D.E. 33.) The Second Amended Complaint is titled "SECOND AMENDED COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE RELIEF." (*Id.* at 1 (capitalization original).) Identically to the First Amended Complaint, Plaintiff alleges that he received 14 calls "from or on behalf of the defendants" during the four-month period of March 23, 2023, through July 11, 2023, using what Plaintiff terms "Calling Script A." (*Id.*, ¶¶ 103-104.) He also alleges receipt of three calls on March 15, 2023, March 21, 2023, and July 11, 2023, using "Calling Script B." (*Id.*, ¶¶ 128-129.) As before, none of the alleged calls is alleged to have been made by or on behalf of any specific Defendant. While Plaintiff "believes he has received other calls from or on behalf of the defendants" (*id.*, ¶¶ 103, 128), there are no allegations providing any information whatsoever of any calls other than the 17 identified in the Complaint, the last of which purportedly was received over two years ago on July 11, 2023.

The Second Amended Complaint continues to lump the three FSS/HRM/BSM LLC Defendants together – sometimes as a trio, other times lumping two of the three together. (*See, e.g.*, D.E. 33, ¶¶ 72, 89, 103, 111, 128, 199.) Moreover, the Second Amended Complaint, while withdrawing two of the five post-July 23, 2023, claims the Court dismissed, re-asserts three such claims notwithstanding Plaintiff's express admission that "the last documented call from defendants was on July 11, 2023." (*Id.*, ¶ 198; *id.*, ¶¶ 274-277, 280-300.)

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-3

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

# LEGAL STANDARDS

## I. MOTION TO DISMISS: FED. R. CIV. P. 12(b)(6)

This Court has articulated the Rule 12(b)(6) analysis as follows:

> Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).

*Rapp v. NaphCare, Inc.*, 2022 WL 17793961, *3 (W.D. Wash. Dec. 19, 2022) (Estudillo, J.). With regard to pro se plaintiffs, the Court has articulated the following standards:

> Because Plaintiff proceeds pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, "courts should not have to serve as advocates for pro se litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). District courts should "not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). Pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

*Dahlstrom v. Life Care Ctrs. of Am., Inc.*, 2023 WL 4893491, *2 (W.D. Wash. Aug. 1, 2023).

## II. MOTION TO STRIKE: FED. R. CIV. P. 12(f)

Federal Rule 12(f) "states that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fed. R. Civ. P. 12(f)); *see also Silver v. Capital One, N.A.*, 2025 WL 2830749, *2 (W.D. Wash. Oct. 6, 2025) (Estudillo, J.) (quoting Rule 12(f)). "The

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-4

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone*, 618 F.3d at 973 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *Cameron v. Country Mut. Ins. Co.*, 2025 WL 2978821, *1 (W.D. Wash. Oct. 22, 2025) (quoting *Fantasy*). Thus, Rule 12(f) allows "a court [to] strike a pleading that is: (1) redundant, (2) immaterial, (3) impertinent, or (4) scandalous." *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015).

## <u>ARGUMENT</u>

Plaintiff's Second Amended Complaint against BSM LLC, FSS, and HRM should be dismissed. First, because Plaintiff lacks Article III standing to seek injunctive relief against BSM LLC, FSS, and HRM, his request for an injunction should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), to the extent Plaintiff continues to seek such relief. Second, his group-pleading allegations do not suffice under Rule 8 and, furthermore, his post-July 23, 2023, claims fail to state a claim under Rule 12(b)(6). Third, all claims against FSS except Count 1 should be dismissed. Fourth, several portions of the Second Amended Complaint should be stricken pursuant to Rule 12(f).

**I.      TO THE EXTENT PLAINTIFF CONTINUES TO SEEK INJUNCTIVE RELIEF, THAT REQUEST SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO OBTAIN INJUNCTIVE RELIEF UNDER FED. R. CIV. P. 12(b)(1).**

Earlier this month the Court dismissed Plaintiff's request for injunctive relief, holding that "Plaintiff has not established a likelihood of future harm sufficient to confer Article III standing for an injunction." (D.E. 32 at 10.) The Court added that "[a]bsent the assertion of new facts supporting Article III standing, Plaintiff's new amended complaint should not include a claim for injunctive relief." (*Id.*)

The Second Amended Complaint does not appear to request injunctive relief; nevertheless, the

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-5

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

1    pleading is titled "SECOND AMENDED COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE

2    RELIEF" (D.E. 33 at 1 (capitalization original)), which could be read or interpreted to include a request

3    for injunctive relief. Accordingly, in an abundance of caution, Defendants formally move to dismiss

4    any claim or request for injunctive relief the Second Amended Complaint may purport to make.

5        As with its predecessor, the Second Amended Complaint makes no plausible allegations of "a

6    real and immediate threat of repeated injury" required to seek and obtain injunctive relief. *G.G. by and*

7    *through A.G. v. Meneses*, 638 F. Supp. 3d 1231, 1239 (W.D. Wash. 2022) (quoting *Updike v.*

8    *Multnomah Co.*, 870 F.3d 939, 947 (9th Cir. 2017)). As before, Plaintiff alleges that he last received a

9    call on July 11, 2023 (D.E. 33, ¶¶ 103, 128, 129) – over two years ago – and, as the Court has held,

10    Plaintiff "makes no plausible allegation that he will receive phone calls in the future." (D.E. 32 at 9.)

11    Indeed, the Second Amended Complaint expressly concedes that "the last documented call" Plaintiff

12    allegedly received "from the defendants was on July 11, 2023." (D.E. 33, ¶ 199.) The cases the Court

13    cited in which far shorter time periods between the last alleged call and the complaint continue to apply

14    here, and they preclude any effort Plaintiff may continue to make regarding injunctive relief. (*See* D.E.

15    32 at 9-10 (citing *Blair v. Assurance IQ LLC*, 2023 WL 6622415, *5 (W.D. Wash. Oct. 11, 2023);

16    *Brown v. Nano Hearing Tech Opco, LLC*, 2024 WL 3367536, *8 (S.D. Cal. July 9, 2024); *Miller v.*

17    *Time Warner Cable Inc.*, 2016 WL 7471302, *4 (C.D. Cal. Dec. 27, 2016).) Consequently, to the extent

18    Plaintiff continues to seek injunctive relief, that effort should be rejected and any claim for injunctive

19    relief should be dismissed pursuant to Rule 12(b)(1).

20

21

22

23

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT      Pierson Ferdinand LLP
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,      450 Alaskan Way S., Ste 200
AND HIGH ROLLER MARKETING, LLC-6      Seattle, WA 98104
     (564) 215-4988

## II. PLAINTIFF'S CONTINUED FAILURE TO PROVIDE SPECIFICS BEYOND HIS CONJECTURE THAT HE "MAY" HAVE RECEIVED OTHER CALLS MANDATES DISMISSAL OF ANY CLAIMS OTHER THAN THOSE SPECIFICALLY PLEADED.

Once again, Plaintiff makes bland, vague allegations that he "believes" that he "may" have received more calls beyond the few specifically identified at Paragraphs 103 and 128 in the Second Amended Complaint. Defendants quote them verbatim here:

- ¶ 72: "There may be other unknown entities that are also legally responsible for the illegal phone calls initiated to Mr. Barton's telephone number."

- ¶ 89: "This list is not exhaustive, Mr. Barton believes the defendants have called him using the names 'American Solar', 'Flux Solar', 'Nationwide Solar', 'US Solar', "US Home Solar', 'Global Solar', 'Solar Solutions', 'National Solar Advisor', and others."

- ¶ 103: "This call list is not exhaustive, Mr. Barton believes he has received other calls from or on behalf of the defendants, some not utilizing artificial or prerecorded voice."

- ¶ 111: "Mr. Barton may have used other phone numbers to investigate the entity placing or instigating the calls, and on whose behalf the calls were being initiated."

- ¶ 128: "This call list is not exhaustive, Mr. Barton believes he has received other calls from or on behalf of the defendants, some not utilizing artificial or prerecorded voice."

- ¶ 199: "Barton believes the defendants have called him other times over the last four years, including but not limited to missed calls, other calling scripts, and/or with calls that did not start with artificial or pre-recorded voice and are not yet traced to the defendants."

As the above allegations make clear, Plaintiff does not allege the receipt of any specific calls other than the calls expressly identified in the Complaint, *see id.*, ¶¶ 103, 128, 129, none of which are alleged to have been received after July 11, 2023, and none of which identify a caller, a date, a phone number, or

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING, LLC-7

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

any other information that would pass Rule 8 muster.

Plaintiff simply ignores the many cases Defendants cited in their previous motion to dismiss that have required TCPA plaintiffs to provide more than conclusory allegations to maintain a claim. Indeed, the cases dismissing or otherwise rejecting TCPA claims for the sort of deficient pleading Plaintiff offers here are legion. *See, e.g.*, *Zeitlin v. Palumbo*, 532 F. Supp. 3d 64, 69 (E.D.N.Y. 2021) (TCPA claim dismissed where "Plaintiff offers virtually no information that would connect defendants to the calls he received"); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2018 WL 7350923, *2 (M.D. Fla. Aug. 23, 2018) ("[I]t is incumbent upon Plaintiff to provide plausible allegations, at minimum, of the number of calls made, when the calls took place, the subject matter and content of the calls, and the identity of the caller. . . .Because the Complaint lacks sufficient allegations to draw the reasonable inference that Defendant [] is liable for the misconduct alleged, it must be dismissed."); *Cunningham v. TechStorm, LLC*, 2017 WL 721079, *2 (N.D. Tex. Feb. 23, 2017) (granting dismissal where complaint "contains no facts, such as the source of or phone number making the calls, indicating that *this* Defendant is responsible for the calls received by Plaintiff") (emphasis original); *Sepehry-Fard v. Dept. Stores Nat'l Bank*, 15 F. Supp. 3d 984, 988 (N.D. Cal. 2014) (dismissing pro se plaintiff's TCPA claims where "plaintiff does not identify when the particular calls were made, what was said during those calls, and whether those specific calls were placed using a prerecorded voice") (parenthetical omitted); *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (granting dismissal where plaintiff made allegations "without any dates, details or identifying phone numbers," which failed to provide "the defendant fair notice of what the ... claim is and the ground upon which it rests") (quoting *Twombly*, 550 U.S. at 545); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) (no TCPA claim stated where "Plaintiff alleges in a conclusory manner that

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-8

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

Defendant placed 'many' non-emergency calls to his cellular phone" and "Plaintiff's Complaint is devoid of any factual allegations to support that claim").

Even more telling is the fact that other judges in this District have rejected Plaintiff's same allegations. In *Barton v. George*, 2025 WL 1884098 (W.D. Wash. July 8, 2025), Plaintiff sought a default judgment against two of the 20 defendants he had sued in a case he brought under the TCPA and WDNC, but he failed to provide any details regarding the alleged calls by those defendants. As a result of those deficiencies, the Court denied Plaintiff's motion, holding that "without knowing the specific dates, receiving phone number, and details of each allegedly illegal call, the Court cannot determine the merits of the statutory claims." *Id.*, *4. The Court added that "because the complaint does not identify specific calls made to his 972 phone number after he sent the do-not-call emails, the Court cannot determine liability under the WDNC." *Id.* The Court concluded that "Plaintiff's failure to identify the specific calls . . . undermines any claims for statutory damages, which requires calculating the number of violations." *Id.* Plaintiff has made no effort to explain why the ruling in *George* should not be applied here and, as *George* held, that failure should preclude him from seeking recovery for any alleged calls for which Barton himself – the alleged recipient – cannot provide even the slightest details.

## III. THE COMPLAINT AGAINST BSM LLC, FSS, AND HRM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6).

Plaintiff's Second Amended Complaint, as with its predecessors, fails to comply with Rule 8's requirements. Furthermore, Plaintiff's continued insistence on asserting claims post-July 23, 2023, even though the Court specifically ordered Plaintiff to withdraw such claims absent specific allegations of phone calls – which the Second Amended Complaint does not provide – should result in the dismissal, with prejudice, of those claims.

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING, LLC-9

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

### A. Plaintiff's Continued Global Allegations of "Defendants" Do Not Comply with Rule 8 and Mandate Dismissal.

As before, Plaintiff mostly avoids directing allegations to any single, specific Defendant. Instead, Plaintiff engages in inappropriate group pleading, which warrants dismissal. Plaintiff continues to lump the three FSS/HRM/BSM LLC Defendants together – sometimes as a trio, other times joining two of the three together. Rather than hide behind the term "Telemarketer" as in the First Amended Complaint (*see* D.E. 32 at 6-7), Plaintiff simply dropped the term "Telemarketer" and grouped two or all three Defendants together anyway, as the following non-exclusive list demonstrates:

- "BSM LLC, FSS, and HRM developed telemarketing scripts . . .". (D.E. 33, ¶ 31.)

- "BSM LLC, FSS, and HRM knew a high percentage of the consumers they were calling did not consent . . .". (*Id.*, ¶ 32.)

- "Defendants directed telephone calls to Plaintiff's phone in this District . . .". (*Id.*, ¶ 56.)

- "The defendants initiated or incentivized others to initiate phone call solicitations to Plaintiff and other residents of Washington State . . .". (*Id.*, ¶ 64.)

- "The defendants in this case have come together to call Mr. Barton . . .". (*Id.*, ¶ 89.)

Plaintiff's allegations, which often do not attempt to distinguish or identify the conduct of any single Defendant, do not satisfy settled pleading standards. Indeed, as the Court has held, "[a] complaint 'must provide specific factual detail regarding each Defendant's acts and omissions that allegedly violated Plaintiff['s] rights.'" *Broadcast Music, Inc. v. QM Entertainment, LLC*, 2025 WL 1456593, *5 (W.D. Wash. May 21, 2025) (quoting *Garcia v. Diaz*, 2021 WL 719820, *2 (C.D. Cal. Feb. 24, 2021)). In this Circuit, a complaint that simply "make[s] 'everyone did everything' allegations" does not pass muster and should be dismissed. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming dismissal); *Watt v. HAL Antillen N.V.*, 2024 WL 4436966, *2 (W.D. Wash. Oct. 7, 2024) ("A complaint

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-10

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

that alleges 'everyone did everything' and prevents defendants from understanding the nature of the claims asserted against each of them cannot survive a motion to dismiss.") (citing cases); *Nissen v. Lindquist*, 2017 WL 26843, *2 (W.D. Wash. Jan. 3, 2017) (describing one type of "shotgun pleading" as "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions") (quotations and citation omitted).

Plaintiff's Complaint fails these basic pleading requirements. For the most part, the allegations engage in group pleading under broad, generic terms such as "defendants" with no effort to specify or attribute conduct to any individual Defendant. The cases dismissing complaints or otherwise rejecting such pleadings on this basis are legion. *See, e.g.*, *Broadcast Music*, 2025 WL 1456593, *5 ("Plaintiffs' complaint is deficient in that its allegations represent an 'everyone did everything' complaint. . . . Such a generic assertion against an undifferentiated group leaves Defendants in the dark about who is alleged to have done what."); *Watt*, 2024 WL 4436966, **2-3 (generic allegations against "defendants" did not pass muster); *Dahlstrom*, 2023 WL 4893491, *4 (dismissing claims where each "claim contains vague, conclusory allegations of wrongdoing asserted against all Defendants collectively and identifies no individual acts or omissions by any Defendants to support a plausible" claim); *MFG Universe Corp. v. Next Gen LED, Inc.*, 2022 WL 3028081, *2 (W.D. Wash. Aug. 1, 2022) ("Except in a few instances, the [complaint] treats . . . Defendants as an undifferentiated mass. It does not make sufficient particularized allegations for each to satisfy pleading standards for the remaining causes of action. This alone is a basis for dismissal.") (parenthetical omitted); *Anderson v. JPMorgan Chase & Co.*, 2018 WL 3608405, *3 (W.D. Wash. July 26, 2018) (dismissing claim alleged against "defendants": "The Court finds that this pleading fails the *Twombly/Iqbal* standard by conflating the actions of Defendants and generally lacking sufficient detail. Therefore this claim is properly dismissed.").

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING, LLC-11

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

1    In short, Plaintiff's improper group pleading directed to "an undifferentiated mass" of

2    Defendants, *MFG Universe*, 2022 WL 3028081, *2, wholly fails to comply with Rule 8 and warrants

3    dismissal of his Complaint against BSM LLC, FSS, and HRM.

4         **B. If the Second Amended Complaint Is Not Dismissed in Full, Counts 10, 13, and 14**
         **Should Be Dismissed with Prejudice Because Plaintiff Again Fails to Make Any**
5         **Plausible Allegations of Receiving Calls After July 23, 2023.**

6         As with the prior failed First Amended Complaint, Counts 10-14 of the Second Amended

7    Complaint expressly state that they cover the time period of "[o]n or after July 23, 2023." (D.E. 33 at

8    35.) But the Court explicitly advised Plaintiff that "the [Second] amended complaint should not include

9    claims related to phone calls made on or after July 23, 2023 *unless Plaintiff is able to identify specific*

10   *phone calls on or after this date*." (D.E. 32 at 15 (emphasis added).) Plaintiff only partially complied

11   with that directive, withdrawing Counts 11 and 12 in the Second Amended Complaint, while re-asserting

12   Counts 10, 13, and 14 and failing to plead the receipt of any specific calls after July 11, 2023. (D.E. 33

13   at 35-36.) The problem for Plaintiff is that he has not alleged receipt of any calls subsequent to July 23,

14   2023. Once again, the only calls Plaintiff specifically pleads occurred between March 15, 2023, and July

15   11, 2023. (*See* D.E. 33, ¶¶ 103-104 (alleged "Calling Script A" calls received March 23, 2023, through

16   July 11, 2023), ¶¶ 128-129 (alleged "Calling Script B" calls received March 15, 2023, March 21, 2023,

17   and July 11, 2023).

18        Indeed, rather than complying with the Court's mandate to identify specific calls allegedly

19   received after July 23, 2023, Plaintiff instead engages in argument-by-complaint with the Court, once

20   again conceding that he has not alleged receipt of any specific phone call after July 11, 2023, but arguing

21   that "[f]orcing Mr. Barton to have specific knowledge of every phone call such that it can be tied to the

22   defendants at the complaint stage artificially introduces a heightened pleading standard beyond that

23

required in Rule 8." (D.E. 33, ¶ 190.) That is absurd. As detailed above, Plaintiff simply ignores the many cases that have required TCPA plaintiffs to provide more than conclusory allegations to maintain a claim or seek damages for that claim – including Plaintiff's own case of *George. See George*, 2025 WL 1884098, *4; *see also Zeitlin*, 532 F. Supp. 3d at 69; *Health Plan Intermediaries Holdings*, 2018 WL 7350923, *2; *TechStorm*, 2017 WL 721079, *2; *Sepehry-Fard*, 15 F. Supp. 3d at 988; *Augustin*, 43 F. Supp. 3d at 1254; *Duran*, 878 F. Supp. 2d at 1316.

The Court's reasoning in *George* and the reasoning of the courts in the many other cases cited herein apply with equal force here and require dismissal of any claims asserted post-July 11, 2023. In short, Plaintiff once again fails plausibly to allege receipt of any calls "on or after July 23, 2023." Thus, Counts 10, 13, and 14, which expressly are limited to alleged calls after July 23, 2023, should be dismissed with prejudice.

### C. Most of the Claims Against FSS Should Be Dismissed Because Plaintiff's Causes of Action Do Not Purport to Allege Any Conduct Directed at FSS.

Except for Count 1, none of the remaining counts purports to apply to FSS. Accordingly, with the exception of Count 1, all claims against FSS should be dismissed.

The allegations in the claims other than Count 1 make no mention whatsoever of FSS. For example, Count 2 consists of a single substantive paragraph alleging that "BSM and HRM managing the dialer both violated the regulations governing the TCPA . . . by making at least two telephone solicitations to Plaintiff's residential cellular telephone number in a 12-month period while the number was registered on the FTC's national do-not-call registry without consent." (D.E. 33, ¶ 241.) That singular allegation does not apply to FSS, nor does it purport to do so. Likewise, Count 3 alleges that "BSM and HRM managing the dialer both violated 47 C.F.R. § 64.1200(a)(7) by abandoning more than 3 percent of their artificial or prerecorded voice telemarketing calls to Barton." (*Id.*, ¶ 243.) And Count 5 similarly alleges

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-13

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

that "BSM and HRM managing the dialer both violated 47 C.F.R. § 64.1200(d)(4)" (*id.*, ¶ 248), while

Count 6 asserts that "BSM and HRM managing the dialer both violated 47 C.F.R. § 64.1200(d)" (*id.*, ¶

253) and Count 7 avers that "BSM and HRM managing the dialer both violated 47 C.F.R. § 64.1601(e)"

(*id.*, ¶ 255). Further, the allegations in Counts 8 and 9 do not contain any mention at all of FSS, but refer

only to alleged conduct of BSM LLC and HRM. (*See id.*, ¶¶ 263-273.) Finally, Count 15 asserts that

"BSM and HRM managing the dialer both used an automatic dialing device to initiate all the robocalls .

. . to Barton's phone numbers." (*Id.*, ¶ 295.)

In short, with the exception of Count 1, Plaintiff does not attempt to assert any claims against FSS.

Accordingly, the Court should dismiss all claims against FSS other than Count 1.

## IV. THE COURT SHOULD STRIKE THE MANY PORTIONS OF THE SECOND AMENDED COMPLAINT THAT HAVE NO RELEVANCE TO THE SPECIFIC ALLEGATIONS MADE AGAINST BSM LLC, FSS, AND HRM.

In permitting Plaintiff to amend the defective First Amended Complaint, the Court, among other

directives, ordered that "Plaintiff's new amended complaint . . . should be succinct, and should not

include extraneous alleged facts or exhibits." (D.E. 32 at 18.) Plaintiff ignored that order, filing a Second

Amended Complaint that, notwithstanding the withdrawal of multiple claims as described above, still is

essentially the same length as the First Amended Complaint – 38 pages and 307 numbered paragraphs

(Second Amended Complaint) versus 39 pages and 311 numbered paragraphs (First Amended

Complaint). (*Compare* D.E. 10 *with* D.E. 33.) As the Court noted in its prior Order, "Plaintiff's complaint

contains numerous allegations of uncertain relevance to Plaintiff's claims." (D.E. 32 at 6 (*citing, e.g.*,

D.E. 10 at 25-31).) Plaintiff repeats those "numerous allegations" here, and they should be stricken as

either "immaterial" or "impertinent." *See Polaris PowerLED Tech., LLC v. Nintendo Co., Ltd.*, 623 F.

Supp. 3d 1132, 1135-36 (W.D. Wash. 2022) ("A matter is immaterial if it 'has no essential or important

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-14

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

relationship to the claim for relief or defenses pleaded.' . . . A matter is impertinent if it does not pertain and is not necessary to the issues in the case.") (quoting *Fantasy*, 984 F.2d at 1527).

### A. Allegations Regarding Other, Unrelated Lawsuits Against One or More Defendants Should Be Stricken.

Plaintiff spends dozens of paragraphs purporting to describe or recite testimony in a previous lawsuit supposedly against BSM that was litigated thousands of miles away in a federal court in Florida. (*See* D.E. 33, ¶¶ 135-173.) Plaintiff adds further "allegations" in the form of alleged testimony in a separate, unidentified case from May 2025. (*Id.*, ¶¶ 175-180.) He also purports to cite a number of cases against "the four of them [sic] allegedly stemming from "unwanted phone solicitation calls." (*Id.*, ¶ 23; *see also id.*, ¶ 210 ("Not only is there a long running pattern of unwanted calls attributed to BSM, the defendants have been sued for telemarketing violations in multiple federal lawsuits in the last few years.").)

Purported "allegations" regarding unrelated litigation involving parties to a lawsuit are properly stricken. As a district court in this Circuit held in striking a complaint's allegations of unrelated litigation against the defendant:

> [A]llegations concerning other purported class action lawsuits filed against Wells Fargo by plaintiffs of African American descent, and various other settlements, have no relation to Plaintiffs or the issues in the instant case. Furthermore, the allegations serve to inflame prejudice against Wells Fargo by insinuating that if others have accused Wells Fargo of wrongdoing, then Plaintiffs' allegations must be true. Therefore, the allegations present a strong likelihood that evidence of the unrelated disputes would lead to unwarranted and prejudicial inferences against Wells Fargo. The Court finds it appropriate to strike the immaterial allegations to streamline the issues for trial and focus the jury on the pertinent issues.

*Merritt v. Wells Fargo Bank, N.A.*, 2019 WL 1951608, *9 (C.D. Cal. Mar. 15, 2019); *Makhani v. Wells Fargo Bank*, 2020 WL 13368789, *3 (C.D. Cal. Mar. 13, 2020) (striking "allegations regarding [the] defendant's past unrelated conduct to show that defendant is a bad actor"). Other courts have held

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-15

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

likewise. *See, e.g.*, *Kent v. AVCO Corp.*, 815 F. Supp. 67, 71 (D. Conn. 1992) (striking complaint's allegations that "refer to other litigation in which [defendant] was or is a party," as such allegations "have no relevance to this case and their only effect is to prejudice the defendant" and the "value of allowing these references in this case is outweighed by the prejudicial effect they would have on this proceeding. Accordingly, the references should be stricken from the second amended complaint."); *Reiter's Beer Distr., Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 145 (E.D.N.Y. 1987) ("References to other litigation and the context in which they are made, are improper and irrelevant.") (granting motion to strike). Accordingly, the Court should strike all references in the Second Amended Complaint to unrelated litigation involving any of Defendants, which are found at Paragraphs 23, 135-173, 175-180 and 210, as these purported allegations have "no essential or important relationship to the claim for relief or defenses pleaded and do "not pertain and [are] not necessary to the issues in the case." *Polaris PowerLED*, 623 F. Supp. 3d at 1135-36 (quotations omitted).

**B. The Court Should Strike the Irrelevant and Immaterial Hearsay Blog Posts.**

Next, and similarly, Plaintiff speculates that "BSM is aware there is a long history of unwanted solicitation calls in their name" and that "BSM and HRM have a long history of initiating unwanted calls." (D.E. 33 at 22-23, ¶¶ 200-201.) Plaintiff purports to support this conjecture by pasting a series of alleged posts from Yelp, indeed.com, and LinkedIn by first-name-only individuals (*id.* at 23-25, ¶¶ 201-209) followed by still more hearsay posts for what appear to be job postings (*id.* at 25-27, ¶¶ 212-218, 224-227). The posts appear to originate from such far-flung locales as New York, Massachusetts, and Utah, and others date back to 2020 – outside the four-year statute of limitations for a TCPA lawsuit filed in 2025.

There is no conceivable relevance to these posts, reviews, and other out-of-court musings, obvious

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-16

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

inadmissibility aside. *See, e.g.*, *Mobiloc, LLC v. Neutron Holdings, Inc.*, 555 F. Supp. 3d 1040, 1047 (W.D. Wash. 2021) ("LinkedIn profile is not self-authenticating and is hearsay"); *see also Estate of Petersen by and through Petersen v. Koelsch Senior Communities, LLC*, 2025 WL 914401, *4 (D. Mont. Mar. 26, 2025) (agreeing that "an internet review from indeed.com" was "inadmissible hearsay"); *Mathew Enterprise, Inc. v. Chrysler Group LLC*, 2016 WL 11432038, *2 (N.D. Cal. Sept. 21, 2016) ("The Court finds that the Yelp! pages and ratings are out of court statements, which, . . . are inadmissible under Fed. R. Evid. 801."). Whether – to take but one example – a person in New York in 2023 (two years before this lawsuit was filed on the other side of the country) was called without his consent has absolutely no relevance to whether any Defendant called *this* Plaintiff without *this* Plaintiff's consent. Like the allegations regarding unrelated litigation involving Defendants, these hearsay posts "regarding [the] defendant's past unrelated conduct" are simply intended "to show that defendant is a bad actor" without any relevance or connection to this case and this Plaintiff's specific allegations. *Makhani*, 2020 WL 13368789, *3.

In short, the Court should strike the entirety of Paragraphs 201-210, 212-218, and 224-227 as "immaterial" and/or "impertinent," as those allegations have "no essential or important relationship to the claim for relief or defenses pleaded and do "not pertain and [are] not necessary to the issues in the case." *Polaris PowerLED*, 623 F. Supp. 3d at 1135-36 (quotations omitted).

## **CONCLUSION**

For the foregoing reasons, the Court should (1) dismiss Plaintiff's request for injunctive relief against BSM LLC, FSS, and HRM under Rule 12(b)(1) due to Plaintiff's lack of Article III standing to the extent the Second Amended Complaint seeks such relief; (2) in the alternative, dismiss Plaintiff's Complaint against BSM LLC, FSS, and HRM because of its non-compliance with Rule 8, specifically

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING, LLC-17

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

the Complaint's persistent "group pleading" allegations without differentiating conduct as to any specific Defendant; (3) to the extent dismissal under Rule 8 is denied, dismiss Counts 10, 13, and 14 pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted; (4) to the extent dismissal under Rule 8 is denied, dismiss all claims against FSS other than Count 1 pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted; and (5) strike those many portions of the Second Amended Complaint that are immaterial and/or impertinent to the specific claims Plaintiff purports to assert against Defendants.

DATED: October 24, 2025.

Respectfully submitted,

I certify that this memorandum contains 5,784 words, in compliance with the Local Civil Rules.

PIERSON FERDINAND LLP

s/Frank S. Harrison
Frank S. Harrison
WSBA #53890
450 Alaskan Way South, Suite 200
Seattle, WA 98104
(564) 215-4988
frank.harrison@pierferd.com

and

s/Barry Goheen
Barry Goheen (admitted *pro hac vice*)
100 Mount Paran Ridge
Atlanta, Georgia 30327-3561
(404) 793-3093
barry.goheen@pierferd.com

***Attorneys for Defendants Bright Solar Marketing LLC, Freedom Solar Services, and High Roller Marketing LLC***

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING, LLC-18

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nathen Barton
4618 NW 11th Cir.
Camas, WA 98607

***Pro Se Plaintiff***

DATED: October 24, 2025.

/s Barry Goheen
Barry Goheen (admitted *pro hac vice*)

MOTION TO DISMISS OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING, LLC-19

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988