Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| NATHEN BARTON, Plaintiff v. Bright Solar Marketing LLC, Freedom Solar Services, High Roller Marketing LLC, Sunrun Inc, and Clean Energy Experts LLC, Defendants. | Case No.: **3:25-cv-05310-DGE** <br><br> PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS (DKT. 37) |
|---|---|

Mr. Barton responds to the defendants' motion to dismiss, Dkt. 37, filed by the Bright Solar Marketing defendants (Bright Solar Marketing LLC, High Roller Marketing LLC, and Freedom Solar Services).  As instructed, Mr. Barton filed a second amended complaint that concisely describes the relationship between the defendants, their long history of willful or knowing telemarketing violations, and how they used their joint telemarketing operation to invade Mr. Barton's privacy.

Unfortunately, concise can't always mean brevity where there is a lot of ground to cover.  As their own motion argues, there are many relevant events spread thousands of miles apart and in different courts.  There are multiple defendants who can't agree internally on who did what, a lengthy history of willful or knowing telemarketing violations, many phone calls to Mr. Barton using multiple calling scripts, their callers used many fake business names to disguise the

PLAINTIFF'S RESPONSE TO DKT 37        - 1 / 6        NATHEN BARTON
CASE 3:25-CV-05310-DGE                                                                    4618 NW 11TH CIR
                                                                                                                CAMAS WA 98607

1  responsible parties, there was a detailed investigation, and there are many separate violations of

2  the law adding up to 38 pages of complaint. **If fewer the defendants would complain more about**

3  **lack of plausibility and fair notice**.

## Response to the Motion to Dismiss

### Injunctive Relief (Section I)

There is no claim for injunctive relief.

### FSS received its due (Section III C)

The defendants claim:

> The allegations in the claims other than Count 1 make no mention whatsoever of FSS. For example, Count 2 consists of a single substantive paragraph alleging that "**BSM** and HRM managing the dialer both violated the regulations governing the TCPA . . . That singular allegation does not apply to FSS, nor does it purport to do so. (emphasis added)

They overlook Dkt. 33 ¶¶29-30:

> BSM LLC and **FSS** jointly own and operate call centers physically initiating calls . . . BSM LLC and **FSS** can't seem to agree on which of them or if both of them own and / or operate their joint venture call centers . . . so **in this lawsuit the specific actions of their joint venture call centers are attributed to "BSM"**.

### Group Pleading is appropriate for similarly situated defendants (Section II)

Group pleadings limited to similarly situated defendants are not *per se* impermissible. *Simmers v. King County*, No. 2:21-cv-00100-BJR-JRC, 2022 U.S. Dist. LEXIS 150532 (W.D. Wash. Aug. 22, 2022).[1]  Who is more similarly situated than two defendants – both wholly

---

[1] See also *Nordisk v. Goglia Nutrition, LLC*, No. 24-cv-01385-LL-VET, 2025 U.S. Dist. LEXIS 174917 (S.D. Cal. Sep. 8, 2025),

owned subsidiaries of Freedom Solar[2] – their own employees can't distinguish?[3]  If an FSS employee can't distinguish between FSS and BSM LLC, how can Mr. Barton at the pleading stage?  [T]here was no reason (and no way) for Silingo to differentiate among those allegations that are common to the group. *United States ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 678 (9th Cir. 2018).  Under BSM's argument, three people who together pull one trigger go free.

Further, Mr. Barton does provide detailed particularized allegations as to each defendants' participation in the telemarketing operation.  For example, see Dkt. 33 ¶¶134-182 which ironically the defendants seek to strike in section IV A.

### Other calls / post July 23, 2023 calls (Sections II and III)

The defendants lost sight of Mr. Barton's burden under FRCP 8 – plausibility.  Mr. Barton need not plead the time and context of every call.  *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010).  See also *Margulis v. Generation Life Ins. Co.*, 91 F. Supp. 3d 1165 (E.D. Mo. 2015).

From what Mr. Barton has alleged – specific details of a series of calls using **two calling scripts** (Script A and Script B) totaling 17 calls spread over four months, the calling phone numbers, the dates of the calls, specific content of the calls, and the specific area code of the telephone number the defendants' called, the (fake) business names they used, and the technology they used (voice and robocalls) – is it plausible there is a third calling script series of calls not yet traced to the defendants?  **Yes**.  Is it plausible that there are missed calls from the defendants that would have played Script A or Script B had they been answered?  **Yes**.  Given

---

[2] See Dkt. 2 "Bright Solar Marketing LLC is a subsidiary of Freedom Forever LLC" and Dkt. 35 "High Roller Marketing LLC is a subsidiary of Freedom Solar Services, which is a subsidiary of Freedom Forever LLC".

[3] Dkt. 33 ¶159.

1  that there was as much as a 38-day gap between the documented calls, is it plausible that there is
2  a 11+ day gap between the last known call and a post July 23, 2023, call, missed or otherwise not
3  currently tied to the defendants?  **Yes**.  *Owens v. Starion Energy, Inc.*, No. 3:16-cv-01912
4  (VAB), 2017 U.S. Dist. LEXIS 101640 (D. Conn. June 30, 2017). ("[N]otice pleading standards
5  do not require a plaintiff to allege details at the pleading stage about the time and context of
6  every text message.")

7  There is no more justification to force Mr. Barton to specifically plead calls placed 11
8  days **after** the last documented call than there is to force Mr. Barton specifically plead calls
9  placed 11 days **before** the first documented call.  And what about the 38-day gap between
10 4/10/2023 and 5/25/2023?  There is a 16-day gap more than 11 days after 4/10/2023 but
11 preceding 5/25/2023 – must Mr. Barton specifically allege a call during this 16-day window of
12 time or be foreclosed from pursuing discovery for calls inside this window?  Are we being
13 logically consistent or are we using the ends to justify the means?

14 If the date the law changed is the significance, **what if the last documented call was on**
15 **July 23, 2023?**  Is it plausible there was a missed call from the defendants – or a call that ended
16 before Mr. Barton could positively tie it to the defendants – the following day?  What if Mr.
17 Barton did specifically allege a call on July 24, 2023?  How far into the future might he be then
18 allowed to plausibly allege undocumented calls?  Still just 11 days?  More?

19 **Neither the Court nor the defendants have explained why an amended law's effective**
20 **date has any relationship to the plausibility of not specifically plead calls**.  Plausibility (and thus
21 discovery) should rest on the fact pattern alleged, not arbitrary dates chosen by the Washington
22 State legislature.  **Ultimately this question boils down to what will the court do with the**
23 **inevitable discovery dispute when Mr. Barton asks for call records extending some months**
24 **before and after the documented calls.  Will the Court say those calls are implausible?**

## Response to Motion to Strike

### The Motion to Strike Should Be Denied (Sections II and IV)

It is a bit self-serving for the defendants to strike:

> dozens of paragraphs purporting to describe or recite testimony in a previous lawsuit supposedly against BSM that was litigated thousands of miles away in a federal court in Florida.

when these paragraphs quote their own testimony on the alter-ego relationship between FSS and BSM LLC, and their own testimony related to all the defendants' participation in the joint telemarketing operation.

They say Mr. Barton's allegations *BSM is aware there is a long history of unwanted solicitation calls in their name"* and that *"BSM and HRM have a long history of initiating unwanted calls* is speculation, but don't argue its irrelevance. Doesn't that make the Dkt. 33 paragraphs supporting these otherwise conclusory statements relevant? If physical distance determines relevance, they passed up an opportunity to dismiss this lawsuit because typically such calls are initiated ten thousand miles away in India or Pakistan.

## Conclusion

Mr. Barton has alleged specific details chronicling a series of 17 calls using two calling scrips (Script A and Script B) spread over four months, the calling phone numbers, the specific dates of the calls, the specific content of the calls, the specific area code of the telephone number the defendants' called, the business names they used in the calls, the technologies they used, how the calls are related to the defendants' business operations, how the defendants are related to each other, how the defendants have been sued for identical claims, and reports from their own

PLAINTIFF'S RESPONSE TO DKT 37    - 5 / 6    NATHEN BARTON
CASE 3:25-CV-05310-DGE                   4618 NW 11TH CIR
                                         CAMAS WA 98607

employees and other Texas area code consumers sharing the same experiences Mr. Barton complains of.  Their motion should be denied in all respects.

November 4, 2025

_(signature)_
(Nathen Barton)

Nathen Barton
(360) 241 7255
4618 NW 11th Cir
Camas WA 98607
FarmersBranch2014@gmail.com

# I.    CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the defendants.  The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

/s/ Nathen Barton
   Nathen Barton