**The Honorable David G. Estudillo**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| NATHEN BARTON,<br><br>*Plaintiff*,<br><br>vs.<br><br>BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, HIGH ROLLER MARKETING LLC, SUNRUN INC., and CLEAN ENERGY EXPERTS LLC,<br><br>*Defendants*. | Case No. 3:25-cv-05310-DGE<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT OF DEFENDANTS BRIGHT SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES, AND HIGH ROLLER MARKETING LLC**<br><br>NOTED FOR CONSIDERATION:<br>NOVEMBER 24, 2025 |

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-i

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

## INTRODUCTION

Defendants Bright Solar Marketing LLC ("BSM LLC"), Freedom Solar Services ("FSS"), and High Roller Marketing LLC ("HRM") submit this reply brief in support of their motion to dismiss the Second Amended Complaint filed against them by Plaintiff, Nathen Barton. Plaintiff's response does little to rebut Defendants' arguments that Plaintiff has, once again, failed adequately to plead violations of the Telephone Consumer Protection Act ("TCPA") and corresponding Washington statutes. Therefore, the Court should again dismiss Plaintiff's claims against BSM LLC, FSS, and HRM under Rule 12(b)(6). Likewise, Plaintiff essentially provides no meaningful response to these Defendants' motion to strike; accordingly, and alternatively, should the Court allow any portion of the Complaint to continue, the Court should strike significant portions of the Second Amended Complaint under Rule 12(f).

## ARGUMENT

In his Response, Plaintiff has confirmed that "[t]here is no claim for injunctive relief." (D.E. 38 at 2.) Accordingly, any claim for injunctive relief should be dismissed with prejudice. Plaintiff's response mostly fails to rebut the arguments for dismissal made by BSM LLC, FSS, and HRM, thereby warranting dismissal of the Second Amended Complaint. In the alternative, several portions of the Second Amended Complaint should be stricken pursuant to Rule 12(f).

**I. THE COMPLAINT AGAINST BSM LLC, FSS, AND HRM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6).**

**A. Plaintiff's Continued Global Allegations of "Defendants" Do Not Comply with Rule 8 and Mandate Dismissal.**

**1. Defendants Are "Not Similarly Situated" to Justify Group Pleading.**

Plaintiff does not dispute that, rather than using the term "Telemarketer" that the Court rejected

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-1

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

in dismissing the previous Complaint, he has simply applied the expedient of lumping FSS/HRM/BSM LLC together – sometimes as a trio, other times joining two of the three together – as "Defendants" or as "BSM LLC, FSS, and HRM." (*See, e.g.*, D.E. 33, ¶¶ 31, 32, 56, 64, 89.) The law holds that "[a] complaint must provide specific factual detail regarding each Defendant's acts and omissions that allegedly violated Plaintiff['s] rights." *Broadcast Music, Inc. v. QM Entertainment, LLC*, 2025 WL 1456593, *5 (W.D. Wash. May 21, 2025) (quotations omitted). There is no basic dispute that the Second Amended Complaint, like its predecessor, fails this essential requirement. *See Broadcast Music*, 2025 WL 1456593, *5 ("Plaintiffs' complaint is deficient in that its allegations represent an 'everyone did everything' complaint. . . . Such a generic assertion against an undifferentiated group leaves Defendants in the dark about who is alleged to have done what."); *Watt v. HAL Antillen N.V.*, 2024 WL 4436966, **2-3 (W.D. Wash. Oct. 7, 2024) (generic allegations against "defendants" did not pass muster); *MFG Universe Corp. v. Next Gen LED, Inc.*, 2022 WL 3028081, *2 (W.D. Wash. Aug. 1, 2022) ("Except in a few instances, the [complaint] treats . . . Defendants as an undifferentiated mass. It does not make sufficient particularized allegations for each to satisfy pleading standards for the remaining causes of action. This alone is a basis for dismissal.") (parenthetical omitted); *Anderson v. JPMorgan Chase & Co.*, 2018 WL 3608405, *3 (W.D. Wash. July 26, 2018) (dismissing claim alleged against "defendants": "The Court finds that this pleading fails the *Twombly/Iqbal* standard by conflating the actions of Defendants and generally lacking sufficient detail. Therefore this claim is properly dismissed.").

Plaintiff attempts to circumvent this problem by asserting that BSM LLC, HRM, and FSS are "similarly situated" (D.E. 38 at 2-3), but his own allegations refute that argument. Citing alleged testimony in a prior lawsuit (which should be stricken as explained below), Plaintiff alleges that HRM

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-2

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

supplies leads to BSM LLC, which then "set[s] an appointment [with] the homeowner" who was the subject of the lead. (D.E. 33, ¶¶ 144-145.) Clearly, as alleged, BSM LLC and HRM are completely separate companies performing completely distinct functions – HRM obtains a "lead" (meaning consent by a homeowner to be called concerning the possibility of purchasing and installing solar products and services) from "independent contractor[s]" who "supply Leads to HRM" (*id.*, ¶ 172), and HRM supplies that lead to BSM LLC, which then contacts the owner for the purpose of setting an appointment with that homeowner for "Freedom Forever's network of authorized dealers." (*Id.*, ¶ 140.)[1] These are entirely different roles and actions performed by completely separate companies, and they are not "similarly situated" for purposes of disregarding the prohibition on group pleading. *See, e.g.*, *Bassam v. Bank of America*, 2015 WL 4127745, *7 (C.D. Cal. July 8, 2015) (rejecting "similarly situated" argument and granting dismissal where "[i]t does not appear that all of the defendants in this action are similarly situated in terms of their relationship to the Agreement").

### 2. FSS Should Be Dismissed.

Plaintiff effectively concedes that, as pleaded, only Count 1 in the Second Amended Complaint purports to apply to FSS. (*See* D.E. 37 at 13-14 (detailing the absence of direct allegations against FSS in all counts other than Count 1).) Plaintiff attempts to evade this problem by referring to a singular allegation in the Second Amended Complaint in which Plaintiff asserts that "in this lawsuit the specific

---

[1] In fact, BSM LLC has no role in the process, as Plaintiff admits in the Second Amended Complaint; he cites testimony from BSM LLC from a few months ago confirming that "Bright Solar Marketing LLC is not engaged in any business operations." (D.E. 33, ¶ 176; *see also* D.E. 10-3, ¶ 4 (sworn declaration that BSM LLC "is not engaged in any business operations"); D.E. 10-5, ¶ 6 (sworn declaration that "BSM LLC is not engaged in any business operations" as BSM LLC, among other things, "[h]as no employees," "[h]as no business operations of its own," "[d]oes not make telephone calls to consumers," and "[h]as no contracting and/or business relationship(s) with any vendor(s)").)

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-3

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

actions of their [meaning FSS and BSM LLC] joint venture call centers are attributed to 'BSM.'" (D.E. 38 at 2 (quoting D.E. 33, ¶¶ 29-30).) Plaintiff makes no further "argument" and cites no case to support that sole citation to the operative Complaint. His "argument" does not withstand scrutiny.

Indeed, lumping FSS and BSM LLC together under the single term "BSM" is exactly the shopworn tactic Plaintiff previously attempted when he improperly lumped multiple Defendants under the term "The Telemarketer." In granting dismissal, the Court held that such "group pleading" was insufficient to provide "adequate notice of the allegations" and "constitutes improper shotgun pleading." (D.E. 32 at 8.) There is no functional difference between assigning "Telemarketer" to four Defendants and assigning "BSM" to two Defendants; both are improper, and the Court's prior ruling should be applied here to dismiss FSS from the case. *See Broadcast Music*, 2025 WL 1456593, *5; *Watt*, 2024 WL 4436966, **2-3; *MFG Universe*, 2022 WL 3028081, *2; *Anderson*, 2018 WL 3608405, *3.

> **B. If the Second Amended Complaint Is Not Dismissed in Full, Counts 10, 13, and 14 Should Be Dismissed with Prejudice Because Plaintiff Again Fails to Make Any Plausible Allegations of Receiving Calls After July 23, 2023.**

Plaintiff continues his quixotic effort to maintain claims under the RCW on or after July 23, 2023, despite his complete – and admitted – failure to allege that he actually received any call after July 23, 2023. Plaintiff does not dispute that the Court explicitly advised him that "the [Second] amended complaint should not include claims related to phone calls made on or after July 23, 2023 *unless Plaintiff is able to identify specific phone calls on or after this date*." (D.E. 32 at 15 (emphasis added).) Nor does Plaintiff dispute that he has made no effort to comply with that mandate with regard to Counts 10, 13, and 14, which fail to plead the receipt of any specific calls on or after July 23, 2023. (D.E. 33 at 35-36, ¶¶ 274-277, 280-292.) Again, the only calls Plaintiff specifically pleads occurred between March 15,

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-4

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

2023, and July 11, 2023. (*See* D.E. 33, ¶¶ 103-104 (alleged "Calling Script A" calls received March 23, 2023, through July 11, 2023), ¶¶ 128-129 (alleged "Calling Script B" calls received March 15, 2023, March 21, 2023, and July 11, 2023). Simply stated, Plaintiff utterly fails to allege the receipt of any call(s) on or after July 23, 2023; therefore, Counts 10, 13, and 14 should be dismissed.

The issue is not a failure to "plead the time and context of every call" as Plaintiff attempts to argue. (D.E. 38 at 3.) Rather, the issue is Plaintiff's failure to plead *any* call – even generally or blandly – he allegedly received after July 23, 2023, such that Counts 10, 13, and 14, which expressly are alleged only to apply "**[o]n or after July 23, 2023**" (D.E. 33 at 35 (bold type original)), are even in play to begin with. There are simply no allegations of *any calls* to Plaintiff "[o]n or after July 23, 2023."

Trying to avoid dismissal, Plaintiff added allegations to the Second Amended Complaint that he seems to think satisfy Rule 8; in fact, those allegations do the exact opposite and demonstrate the speculative, conjectural nature of the post-July 2023 claims. For example, in Count 10 (the purported claim under RCW 80.36.390(3)), Plaintiff speculates that "[i]n any post July 23, 2023, calls, BSM with HRM managing the dialer *must have failed* to identify themselves or the company on whose behalf the solicitations were being made within the first 30 seconds of the phone calls or Mr. Barton *would have known* who they were." (D.E. 33, ¶ 277 (emphasis added).) That is nothing but pure speculation that fails to identify even a single alleged call. Likewise, Count 13 imagines that "[i]n any post July 23, 2023, calls, BSM with HRM managing the dialer both *would have* violated RCW 80.36.390(9)" (*id.*, ¶ 284 (emphasis added) without identifying any call Plaintiff "would have" received after July 23, 2023.

Plaintiff's unfounded, conjectural guesswork reaches its nadir in Count 14, which speculates:

- "In any post July 23, 2023, calls, defendants *must have* transmitted misleading or inaccurate

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-5

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

- caller identification information or a call back to those numbers *would have* revealed one or more of the defendants or Freedom Forever."

- "In any post July 23, 2023, calls, the defendants *would have* transmitted misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value from Barton."

- "BSM with HRM managing the dialer both *would have* used the misleading or inaccurate caller identification information with the intent of intruding on Mr. Barton's privacy by ringing his phone for the purpose of telephone solicitation without his consent."

- "BSM with HRM managing the dialer both *would have* used the misleading or inaccurate caller identification information with the intent of illegally obtaining something of value."

- "They *would have* used the fake caller identification numbers knowing that Barton resided in Washington State."

(*Id.*, ¶¶ 288-292 (emphasis added).) These unfounded, speculative allegations stop far "short of the line between possibility and plausibility of entitlement to relief." *Mayanja v. City of Shoreline*, 2025 WL 1425589, *5 (W.D. Wash. May 16, 2025) (dismissing claim of pro se plaintiff) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 765 (9th Cir. 2018) (rejecting plaintiffs' "speculative argument" that "it is likely" that acquirer of business "will follow [seller's] lead in its [allegedly unlawful] dealings with distributors," holding that "[t]his allegation is a classic speculative conclusion" and "[s]uch speculation 'stops short of the line between possibility and plausibility of entitlement to relief'") (quoting *Twombly*, 550 U.S. at 557).

Plaintiff once again fails plausibly to allege receipt of any calls "on or after July 23, 2023."

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-6

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

Therefore, Counts 10, 13, and 14, which expressly are limited to alleged calls after July 23, 2023, should be dismissed with prejudice.

### C. At Most, Plaintiff Has Pleaded Receipt of 17 Calls.

In short, viewed in the most favorable light to Plaintiff, he has alleged only 17 calls with the detail that the cases – including Plaintiff's own case out of this District – require. *See Barton v. George*, 2025 WL 1884098, *4 (W.D. Wash. July 8, 2025) ("Plaintiff's failure to identify the specific calls . . . undermines any claims for statutory damages, which requires calculating the number of violations."); *see also Zeitlin v. Palumbo*, 532 F. Supp. 3d 64, 69 (E.D.N.Y. 2021); *Cunningham v. Health Plan Inter. Holdings, LLC*, 2018 WL 7350923, *2 (M.D. Fla. Aug. 23, 2018); *Cunningham v. TechStorm, LLC*, 2017 WL 721079, *2 (N.D. Tex. Feb. 23, 2017); *Sepehry-Fard v. Dept. Stores Nat'l Bank*, 15 F. Supp. 3d 984, 988 (N.D. Cal. 2014); *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012).

Plaintiff's allegations that he "believes" that he "may" have received more calls beyond the few specifically identified at Paragraphs 103 and 128 in the Second Amended Complaint do not suffice. (*See* D.E. 33, ¶¶ 72, 89, 103, 111, 128, 199.) Accordingly, should any portion of the Complaint survive this motion, Plaintiff's case is limited to the 17 calls he specifically pleads; he should be prohibited from seeking recovery for any other purported calls that he "believes" he "may have" received.

## II. THE COURT SHOULD STRIKE THE MANY PORTIONS OF THE SECOND AMENDED COMPLAINT THAT HAVE NO RELEVANCE TO THE SPECIFIC ALLEGATIONS MADE AGAINST BSM LLC, FSS, AND HRM.

Plaintiff does exceptionally little to rebut the motion to strike – two paragraphs, no case citations – which is reason enough to grant the motion. First, Plaintiff does not respond to the portion of the motion

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-7

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

seeking to strike the hearsay blog posts, rendering that issue uncontested and conceded by Plaintiff. *See, e.g.*, *Martin v. CSAA Ins. Exchange*, 2018 WL 1242069, *4 (N.D. Cal. Mar. 8, 2018) (citing *Papasan v. Dometic Corp.*, 2017 WL 4865602, *18 (N.D. Cal. Oct. 27, 2017), for the "proposition that [a] party that fails to respond to argument raised in motion to dismiss concedes the argument").[2] Plaintiff effectively has conceded that the blog posts (D.E. 33 at 23-25, ¶¶ 201-209) and job postings (*id.* at 25-27, ¶¶ 212-218, 224-227) are "immaterial" in that they have "no essential or important relationship to the claim for relief or defenses pleaded" and are "impertinent" in that they "do[] not pertain and [are] not necessary to the issues in the case." *Polaris PowerLED Tech., LLC v. Nintendo Co., Ltd.*, 623 F. Supp. 3d 1132, 1135-36 (W.D. Wash. 2022) (quotations omitted).

Second, Plaintiff's lengthy purported recital and description of a previous lawsuit supposedly against BSM in a federal court in Florida (*see* D.E. 33, ¶¶ 135-173) fare no better. Plaintiff erroneously argues that BSM, HRM, and FSS "don't argue [the] irrelevance" of those "allegations" (D.E. 38 at 5) when, in fact, that is exactly these Defendants' argument: "References to other litigation and the context in which they are made, are *improper and irrelevant*." *Reiter's Beer Distr., Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 145 (E.D.N.Y. 1987) (emphasis added; granting motion to strike) (quoted in D.E. 37 at 16). Plaintiff simply ignores Reiter and the several other cases cited in the motion where courts, including in this Circuit, have struck similar allegations where plaintiffs wrongly attempted to import "allegations" from unrelated lawsuits or alleged conduct involving the defendants to bolster their

---

[2] Plaintiff does not dispute that the posts (i) are hearsay and (ii) have no relevance to his allegations in the operative Complaint. *See Mobiloc, LLC v. Neutron Holdings, Inc.*, 555 F. Supp. 3d 1040, 1047 (W.D. Wash. 2021) (LinkedIn profile); *Estate of Petersen by and through Petersen v. Koelsch Senior Communities, LLC*, 2025 WL 914401, *4 (D. Mont. Mar. 26, 2025) (indeed.com); *Mathew Enter., Inc. v. Chrysler Group LLC*, 2016 WL 11432038, *2 (N.D. Cal. Sept. 21, 2016) (Yelp! pages and ratings).

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-8

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

deficient allegations in the present suit. *See Makhani v. Wells Fargo Bank*, 2020 WL 13368789, *3 (C.D. Cal. Mar. 13, 2020); *Merritt v. Wells Fargo Bank, N.A.*, 2019 WL 1951608, *9 (C.D. Cal. Mar. 15, 2019); *see also Kent v. AVCO Corp.*, 815 F. Supp. 67, 71 (D. Conn. 1992). The Court should strike all references in the Second Amended Complaint to unrelated litigation involving any of Defendants, which are found at Paragraphs 23, 135-173, 175-180 and 210, as these purported allegations have "no essential or important relationship to the claim for relief or defenses pleaded and do "not pertain and [are] not necessary to the issues in the case." *Polaris PowerLED*, 623 F. Supp. 3d at 1135-36 (quotations omitted).

In summary, the Court should strike the entirety of Paragraphs 23, 135-173, 175-180, 201-210, 212-218, and 224-227 of the Second Amended Complaint as "immaterial" and/or "impertinent."

## CONCLUSION

For the foregoing reasons, the Court should (1) dismiss Plaintiff's request for injunctive relief against BSM LLC, FSS, and HRM under Rule 12(b)(1) due to Plaintiff's lack of Article III standing to the extent the Second Amended Complaint seeks such relief; (2) in the alternative, dismiss Plaintiff's Complaint against BSM LLC, FSS, and HRM because of its non-compliance with Rule 8, specifically the Complaint's persistent "group pleading" allegations without differentiating conduct as to any specific Defendant; (3) to the extent dismissal under Rule 8 is denied, dismiss Counts 10, 13, and 14 pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted; (4) to the extent dismissal under Rule 8 is denied, dismiss all claims against FSS other than Count 1 pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted; and (5) strike Paragraphs 23, 135-173, 175-180, 201-210, 212-218, and 224-227 of the Second Amended Complaint that are immaterial and/or impertinent to the specific claims Plaintiff purports to assert against Defendants. If any portion of

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-9

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

Plaintiff's Complaint is allowed to survive this Motion, Plaintiff should be ordered to present a concise pleading, free from both (i) extraneous allegations concerning blogs, job postings, and unrelated lawsuits (ii) speculative musings from Plaintiff about what he "believes" he "may" have received so that the Court and parties can focus on the precise allegations Plaintiff presents in this case that pass muster under *Iqbal* and *Twombly*.

DATED: November 21, 2025.

I certify that this memorandum contains 3,015 words, in compliance with the Local Civil Rules.

Respectfully submitted,

PIERSON FERDINAND LLP

s/Frank S. Harrison
Frank S. Harrison
WSBA #53890
450 Alaskan Way South, Suite 200
Seattle, WA 98104
(564) 215-4988
frank.harrison@pierferd.com

and

s/Barry Goheen
Barry Goheen (admitted *pro hac vice*)
100 Mount Paran Ridge
Atlanta, Georgia 30327-3561
(404) 793-3093
barry.goheen@pierferd.com

***Attorneys for Defendants Bright Solar Marketing LLC, Freedom Solar Services, and High Roller Marketing LLC***

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-10

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988

# **CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nathen Barton
4618 NW 11th Cir.
Camas, WA 98607

*Pro Se Plaintiff*

DATED: November 21, 2025.

/s Barry Goheen
Barry Goheen (admitted *pro hac vice*)

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR STRIKE 2d AM. COMPL. OF DEFENDANTS BRIGHT
SOLAR MARKETING LLC, FREEDOM SOLAR SERVICES,
AND HIGH ROLLER MARKETING, LLC-11

Pierson Ferdinand LLP
450 Alaskan Way S., Ste 200
Seattle, WA 98104
(564) 215-4988