UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN W. BARTON,

                Plaintiff,

     v.

BRIGHT SOLAR MARKETING LLC,

                Defendant.

CASE NO. 3:25-cv-05310-DGE

ORDER ON MOTION TO DISMISS
SECOND AMENDED
COMPLAINT (DKT. NO. 37)

     This matter comes before the Court on Defendants' motion to dismiss Plaintiff's Second Amended Complaint.  (Dkt No. 37.)  Defendants also ask the Court to strike portions of Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).  (*Id.*) The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record.  For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2025, Bright Solar Marketing LLC ("BSM") filed a notice of removal, removing Plaintiff's complaint, originally filed in the Clark County Superior Court, to federal court. (Dkt. No. 1.) On July 1, 2025, Plaintiff filed an amended complaint. (Dkt. No. 10.) On July 28, 2025, BSM filed a motion to dismiss Plaintiff's amended complaint.[1] (Dkt. No. 22.) On October 9, 2025, the Court granted BSM's motion to dismiss and directed Plaintiff to file a new amended complaint addressing the deficiencies identified in the Court's order. (Dkt. No. 32.) The Court instructed Plaintiff that his new amended complaint should identify each defendant's individual alleged conduct, should be succinct, and should not include extraneous alleged facts or exhibits. (*Id.*) The Court further advised Plaintiff that his new amended complaint should not include claims the Court ruled not actionable. (*Id.*)

On October 10, 2025, Plaintiff filed a Second Amended Complaint. (Dkt. No. 33.) On October 24, 2025, Defendants BSM, Freedom Solar Service ("FSS"), and High Roller Marketing, LLC ("HRM") filed the instant motion to dismiss the Second Amended Complaint, arguing Plaintiff's new complaint suffers from many of the same deficiencies as his earlier one. (Dkt. No. 37.) On November 4, 2025, Plaintiff responded to Defendants' motion. (Dkt. No. 38.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material

---

[1] The motion to dismiss was filed on behalf of three named Defendants. (Dkt. No. 22 at 7.) However, no attorney appeared on behalf of Defendants Freedom Solar Services or High Roller Marketing LLC. The motion was therefore filed only on behalf of BSM. An attorney has since appeared on behalf of Freedom Solar Services (Dkt. No. 34), but not High Roller Marketing LLC.

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 2

allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547. Additionally, complaints filed pro se are "to be liberally construed"; "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*."). "Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, leave to amend is properly denied if amendment would be futile. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Lipton v. Pathogenesis Corp*., 284 F.3d 1027, 1039 (9th Cir. 2002).

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The

function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

### III.    DISCUSSION

#### A.  Injunctive Relief

Defendants argue Plaintiff's Second Amended Complaint still includes a claim for injunctive relief despite the Court's dismissal of Plaintiff's claim. (Dkt. No. 37 at 10–11.) Plaintiff's Second Amended Complaint is styled as a "Second Amended Complaint for a Civil Case and Injunctive Relief" (Dkt. No. 33 at 1), but does not otherwise include any language regarding a claim for injunctive relief. Plaintiff does not explain this inconsistency, but asserts his Second Amended Complaint does not contain a claim for injunctive relief. (Dkt. No. 38 at 2.) Plaintiff's reference to injunctive relief appears to be an oversight rather than an attempt to re-assert a dismissed claim. The Court re-iterates that Plaintiff's claim for injunctive relief is DISMISSED, and that absent the assertion of new facts supporting Article III standing, any new amended complaint should NOT include a claim for injunctive relief or any references to injunctive relief that could be construed as such a claim.

#### B.  Rule 8(a)(2)

Plaintiff's Second Amended Complaint alleges Freedom Forever LLC ("Freedom Forever"), a company that sells and installs solar panels, established two subsidiaries, BSM and FSS, to make "a god-awful lot of unwanted telephone solicitation[s]." (Dkt. No. 33 at 2–3.) Plaintiff alleges FSS owns HRM, which buys leads from third parties. (*Id.*) Plaintiff alleges BSM and FSS own call centers that solicit leads and that HRM "manag[es] the dialer and

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 4

remov[es] [l]eads whose telephone number was registered on the national do not call registry." (*Id.*) Plaintiff argues BSM, FSS and HRM "work together with a common purpose – to initiate sales calls to consumers to sell them the goods and services of their corporate owner Freedom Forever." (*Id.*)

Plaintiff asserts "it is likely" HRM obtained his phone number from a third party and entered it into Lead Locker Room, a tool used by BSM, FSS, and HRM "to identify and call consumers to pitch Freedom Forever's solar panel goods and services." (*Id.* at 4.) Plaintiff contends BSM and FSS jointly own and operate call centers from where they initiate calls to generate business for Freedom Forever. (*Id.*) Plaintiff claims BSM, FSS and HRM developed the scripts used by live agents in their telephone solicitations, and also scripted the automated messages played for the recipients of those solicitations. (*Id.*) Plaintiff alleges BSM, FSS and HRM were aware that a "a high percentage" of the individuals they were calling did not want to receive telephone solicitations on behalf of Freedom Forever and therefore agreed "on what fake business names to give to consumers and what fake telephone caller ID to transmit to consumers in an effort to prevent telemarketing lawsuits." (*Id.*)

Plaintiff alleges BSM and FSS tasked HRM with "scrubbing the calling lists of phone numbers" on the do not call list and "managing the dialer physically initiating the calls." (*Id.* at 5.) Plaintiff contends "BSM with HRM managing the dialer" began calling him despite his phone number being on the do not call list. (*Id.*) Plaintiff alleges Defendants knew or should have known their lead generation services fraudulently obtained his consent. (*Id.*)

Plaintiff alleges Defendants "have come together" to call him "many times" using fake business names and two calling scripts, which Plaintiff identifies as Calling Script A ("Script A") and Calling Script B ("Script B"). (*Id.* at 11–22.) Plaintiff alleges that between March and July

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 5

of 2023, he received 14 calls utilizing Script A. (*Id.* at 12–13.) Plaintiff further alleges that between March and July of 2023, he received three calls utilizing Script B, which is "nearly identical" to Script A. (*Id.* at 16.) Plaintiff claims the calls he received began with an automated message and then transitioned to a live operator. (*Id.* at 21.)

Defendants contend Plaintiff's Second Amended Complaint runs afoul of Federal Rule of Civil Procedure 8(a)(2) by engaging in impermissible group pleading. (Dkt. No. 37 at 15–17.) Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

Defendants contend Plaintiff's Second Amended Complaint lumps BSM, FSS and HRM together several times and fails to distinguish or identify the conduct of any single Defendant. (Dkt. No. 37 at 15.) Plaintiff concedes his Second Amended Complaint engages in group pleading, but argues group pleading is appropriate in this case because BSM, FSS and HRM are subsidiaries of Freedom Forever and that Plaintiff should not be required to make particularized allegations against them at this stage. (Dkt. No. 38 at 2–3.)

Courts have routinely found that "group pleading" is impermissible under Rule 8. "A complaint that alleges 'everyone did everything' and prevents defendants from understanding the nature of the claims asserted against each of them cannot survive a motion to dismiss." *Watt v. HAL Antillen N.V.*, Case No. 2:24-cv-00155-RSL2024 WL 4436966, at *2; *MFG Universe Corp. v. Next Gen LED, Inc.*, Case No. C21-0742-JCC, 2022 WL 3028081, at *2 (W.D. Wash. Aug. 1, 2022) ("Except in a few instances, the [complaint] treats the Individual Defendants as an undifferentiated mass. It does not make sufficient particularized allegations for each to satisfy

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 6

pleading standards for the remaining causes of action. This alone is a basis for dismissal."); *Davis v. General Atomics*, Case No. 8:23- cv-00132-WLH-ADS, 2025 WL 1127872, at *8 (C.D. Cal. Jan. 23, 2025) ("Plaintiff makes no differentiation about what claims apply to which Defendants . . . [t]his fails to satisfy the notice requirement of Rule 8(a)(2), as it is unclear what each Defendant is alleged to have done.").

However, group pleading is not per se impermissible "so long as [it] is limited to defendants who are similarly situated." *In re American Apparel, Inc. Shareholder Derivative Litigation*, Case No. CV 1006567 MMM (RCx), 2012 WL 9506072, at *41 (C.D. Cal. July 31, 2012). Rule 8 does not necessarily prohibit collective allegations against multiple defendants, but does require the allegations be "sufficient to put each [d]efendant on notice of what they allegedly did or did not do[.]" *Howard v. Mun. Credit Union*, Case No. 05–CV–7488, 2008 WL 782760, at *12 (S.D.N.Y. Mar. 25, 2005) (internal citations omitted). Here, Plaintiff alleges that HRM buys leads from third parties, BSM and FSS own call centers that solicit leads and BSM "with HRM managing the dialer" actually called him. Plaintiff attributes the actions of BSM and FSS to BSM because the two Defendants "can't seem to agree on which of them or if both of them own and / or operate their joint venture call centers." (Dkt. No. 33 at 4.) Plaintiff also asserts that through his investigations, he identified that BSM ultimately was behind some, and possibly all, the calls that used Calling Scripts A and B. (*Id.* at 12–14.) As Plaintiff contends, his investigation indicates the Defendants are acting in concert to initiate the calls or hired and directed other entities to initiate the calls.

Viewing Plaintiff's alleged facts, though admittedly somewhat convoluted facts, in the light most favorable to Plaintiff, the Court finds the Defendants have been given notice of their alleged involvement in the calls made to Plaintiff.

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 7

Accordingly, to the extent Defendants assert the Second Amended Complaint runs afoul of Rule 8, the motion to dismiss is DENIED.

### C. TCPA Claims

#### 1. Counts 10, 13, and 14

In Count 10 of Plaintiff's Second Amended Complaint, Plaintiff speculates that, with respect to any calls he may have received after July 23, 2023, BSM with HRM managing the dialer "both must have failed to identify themselves or the company on whose behalf the solicitations were being made within the first 30 seconds of the phone calls or [Plaintiff] would have known who they were." (Dkt. No. 33 at 35.)  In Count 13, Plaintiff similarly alleges that BSM with HRM managing the dialer "would have violated" Washington State law if he had received any calls after July 23, 2023.  (*Id.*)  In Count 14, Plaintiff speculates he did not receive any calls from Defendants after  July 23, 2023 because Defendants "must have transmitted misleading or inaccurate caller identification information or a call back to those numbers would have revealed one or more of the defendants or Freedom Forever." (*Id.* at 36.)

Defendants ask the Court to dismiss Counts 10, 13 and 14 of Plaintiff's Second Amended Complaint with prejudice. (Dkt. No. 37 at 17–18.)  Defendants argue that while these counts all relate to calls received by Plaintiff after July 23, 2023, Plaintiff's Second Amended Complaint does not actually allege receipt of any calls after this date. (*Id.*)  In its order dismissing Plaintiff's Amended Complaint, which similarly asserted causes of action predicated on calls received after July 23, 2023, the Court found Plaintiff's suggestion that he may have received calls from Defendants after this date insufficient to state a claim, and advised Plaintiff that his new amended complaint should not include claims related to phone calls made on or after July

23, 2023 unless Plaintiff was able to identify specific phone calls made on or after this date. (Dkt. No. 32 at 15.)

Plaintiff argues he need not plead the time and context of every call. (Dkt. No. 38 at 3.) Plaintiff contends it is plausible there are additional calls not yet traced to Defendants and that he may have missed calls from Defendants. (*Id.* at 3–4.) Plaintiff questions what the Court will do when he inevitably seeks, in discovery, call records extending "some months before and after the documented calls." (*Id.* at 4.) Plaintiff's Second Amended Complaint speculates he may have received calls from Defendants after July 23, 2023, but does not identify any automated messages, conversations, or missed calls that may have come from Defendants. While it is possible Plaintiff may have received calls from Defendants beyond those identified in his Second Amended Complaint, this speculative allegation "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557. Put another way, it is acceptable for a plaintiff to allege they received phone calls during a time period without having to identify every single call at the pleading stage, but it is not enough to speculate calls may have been received. The latter is nothing more than a guess, rather than a factual allegation that calls were received. Accordingly, Counts 10, 13 and 14 of Plaintiff's Second Amended Complaint are DISMISSED with prejudice as the Court previously provided Plaintiff the opportunity to identify facts that support the conclusion he received unwanted calls after July 23, 2023.

### 2. Counts Against FSS

Defendants assert that, with the exception of Count 1, none of the claims in Plaintiff's Second Amended Complaint relate to FSS. (Dkt. No. 37 at 18–19.) Defendants therefore ask the Court to dismiss the remaining counts of Plaintiff's Second Amended Complaint as to FSS. (*Id.*) Plaintiff claims FSS has "received its due" in his Second Amended Complaint, pointing to

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 9

language alleging BSM and FSS "jointly own and operate call centers physically initiating calls" and attributing the actions of BSM and FSS to BSM because the two Defendants "can't seem to agree on which of them or if both of them own and / or operate their joint venture call centers." (Dkt. Nos. 33 at 4; 38 at 2.)

While Plaintiff's Second Amended Complaint makes numerous references to FSS, none of his causes of action, apart from Count 1, assert any allegations against FSS. To the extent Plaintiff makes claims against FSS, he appears to attribute FSS's conduct to BSM. If Plaintiff wishes to file a new amended complaint, any causes of action asserted against FSS shall name FSS and describe the conduct FSS engaged in that gives rise to the cause of action.

### D. Motion to Strike

Defendants ask the Court to strike various immaterial and impertinent allegations from Plaintiff's Second Amended Complaint, including allegations regarding a lawsuit filed in Florida and posts from Yelp, indeed.com, and LinkedIn. (Dkt. No. 37 at 19–22.) A court has broad discretion to strike allegations in a pleading that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f); *see Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003). Immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." (*Id*.)

In its order dismissing Plaintiff's Amended Complaint, the Court noted Plaintiff's earlier complaint contained numerous allegations of uncertain relevance to Plaintiff's claims, including references to various online posts by third parties. (Dkt. Nos. 10 at 25–31; 32 at 6.) Despite this, Plaintiff has again included references to these same online posts in his Second Amended

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 10

Complaint. (Dkt. No. 33 at 23–27.) Plaintiff does not respond to Defendants' motion to strike these references, and the Court therefore STRIKES this portion of Plaintiff's Second Amended Complaint.

With respect to the lawsuit referenced in Plaintiff's Second Amended Complaint, Plaintiff argues the lawsuit provides information concerning "the alter-ego relationship between FSS and BSM" and deposition testimony related to Defendants' participation "in the joint telemarketing operation." (Dkt. No. 38 at 5.) Plaintiff appears to cite deposition testimony from the Florida lawsuit to provide background information regarding Defendants, the relationship between Defendants, and details concerning their business operations. (*See* Dkt. No. 33 at 16–20.) This information is relevant to Plaintiff's causes of action, and Defendants' motion to strike this portion of Plaintiff's Second Amended Complaint is DENIED. However, if Plaintiff seeks to file a new amended complaint, the Court advises Plaintiff to consider carefully what information is and is not pertinent to his causes of action. The Court notes that Plaintiff's reference to injunctive relief in his Second Amended Complaint, which was filed the day after the Court issued its order dismissing his earlier complaint, appears to have been the result of haste.

## IV.    ORDER

Defendants' motion to dismiss (Dkt. No. 37) is GRANTED in part and DENIED in part. Defendants' motion to strike is similarly GRANTED in part and DENIED in part. Plaintiff is directed to file a new amended complaint that addresses the deficiencies identified in this order. In particular, the new amended complaint shall not include the information stricken by this order and shall not include the claims dismissed with prejudice. And if Plaintiff seeks to assert Claims

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 11

2, 3, 5, 6, 7, 8, and 9 against FSS, Plaintiff shall specifically include FSS in those claims by alleging the conduct Plaintiff for which FSS is allegedly responsible.

Failure to comply with the Court's instructions may result in some or all of Plaintiff's claims being dismissed with prejudice.  The new amended complaint SHALL be filed **no later than March 31, 2026.**

Dated this 17th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 37) - 12